■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS J. BASCIANO, Appellant. — Levine, J. Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered December 5, 1983, upon a verdict convicting defendant of the crime of burglary in the third degree.

On the morning of January 6, 1983, the maintenance manager of the Skateland Roller Rink in the Village of New Paltz arrived at work to find that the front window of the rink had been broken and the arcade games located inside had been tipped over, with their coin boxes removed and emptied. In the course of the subsequent police investigation, a police officer was able to "lift" a clear fingerprint impression from a box inside one of the game machines which had encased its coin box. It was readily inferable that the print was fresh, since it had no dust on it, while the rest of the box was thickly covered with dust. It was subsequently found that this print was identical to defendant's fingerprint on file at the New Paltz Police Department. Defendant was charged with the crime and was ultimately convicted of third degree burglary.

On this appeal, defendant argues that the evidence adduced at trial, being wholly circumstantial, was insufficient to establish his guilt. We disagree. The standard of proof in criminal cases where the sole evidence of guilt is circumstantial is that "the facts from which the inference of defendant's guilt is drawn must be 'inconsistent with his innocence and must exclude to a moral certainty every other reasonable hypothesis'" (*People v Way,* 59 NY2d 361, 365, quoting *People v Bearden,* 290 NY 478, 480; *accord, People v Gates,* 24 NY2d 666, 669). Here, the trial testimony clearly established that the burglary which led to the opening of the arcade games had to have occurred sometime after the rink closed at 10:45 P.M. on January 5, 1983 and before the custodian entered the rink at 9:45 A.M. on the next day. Defendant had no permission to be on the premises during this time period. Further, the fresh fingerprint (identified by an expert witness as that of defendant's right-hand middle finger)

was discovered *inside* one of the machines, on the box encasing a jimmied coin box. Additional testimony disclosed that the inside of the machine was kept locked and that no one had a key to it except six employees of Mid-Hudson Amusement, Inc., the company which owned and serviced the machines. Defendant had never been an employee of Mid-Hudson nor of any other vending company. Since defendant thus had no lawful access to the interior of the machine, the only reasonable inference to be drawn from the presence of his fresh fingerprint inside the machine was that he had forcibly opened it for the purpose of extracting its cash contents. This was sufficient to sustain each and every element of the crime of burglary without establishing that a larceny had actually also been committed (*see, People v Mackey,* 49 NY2d 274).

Finally, we reject defendant's contention that the fingerprint evidence should not have been admitted on the ground that the prosecution failed to establish a chain of custody with respect to the earlier set of defendant's fingerprints which were on file at the New Paltz Police Department and by which defendant was identified as the person whose fingerprint was found inside the arcade game. Strict proof of the chain of custody of a nonfungible piece of evidence, such as a police fingerprint file card, is not required (*People v Anderson,* 99 AD2d 560, 561; *People v Washington,* 96 AD2d 996, 997). When an object possesses unique characteristics and any material alteration would be readily apparent, a simple in-court identification is sufficient to warrant admission (*People v Julian,* 41 NY2d 340, 343). Accordingly, the trial court was correct in admitting the fingerprint card in question upon the testimony of the police fingerprint expert who stated that the card had been delivered to him by another police officer who had obtained it directly from the files of the police department, and who further testified that the prints on the card had neither been tampered with nor altered.

Judgment affirmed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.