■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL L. VINCENTE, Appellant.—Casey, J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered February 13, 1990, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the second degree.

Following his plea of guilty to the crime of criminal sale of a controlled substance in the second degree, defendant was sentenced to a term of imprisonment of 7⅔ years to life. This term and defendant's plea to the lesser charge had been negotiated following a trial on the original charge of criminal

possession of a controlled substance in the first degree, which trial resulted in a hung jury.

On his appeal, defendant contends (1) that the testimony of an accomplice offered before the Grand Jury was uncorroborated and that the District Attorney failed to instruct the Grand Jury, in violation of CPL 190.65 (1), that corroboration of such testimony was required, and (2) that proof of uncharged crimes and hearsay evidence to demonstrate conspiratorial conduct on defendant's part was impermissibly presented to the Grand Jury. These two errors in the presentation of the case, defendant argues, infected the integrity of the Grand Jury proceeding to the extent of requiring dismissal of the indictment, notwithstanding defendant's guilty plea.

We disagree. The evidence before the Grand Jury was legally sufficient to support the indictment. The Grand Jury heard not only the testimony of the accomplice, Willie Sims, who turned police informant, as to the details of the drug sale transaction, it also heard the tape recording of a conversation between Sims and defendant in which defendant admitted knowing about the drug deal, and defendant's admission to a police officer as well as defendant's reference on the tapes to himself. Thus, the evidence before the Grand Jury, unexplained and uncontradicted, was legally sufficient to demonstrate all the elements of the crimes charged and defendant's connection with these crimes. The District Attorney's failure to instruct the Grand Jury about corroboration, that in any event was legally sufficient (see, CPL 170.10 [1]), does not rise to the level of a constitutional error or adversely affect the integrity of the Grand Jury fact-finding process (see, People v Philipp, 106 AD2d 681, 683; People v Rex, 83 AD2d 753, 754). Where, as here, the legal evidence is sufficient, the integrity of the process is not adversely affected and the claimed error does not rise to a constitutional dimension, defendant's plea of guilty bars the raising of the issue on appeal (see, People v Taylor, 65 NY2d 1, 7).

Defendant further argues that the District Attorney erred before the Grand Jury when she responded to a juror's question of whether the offense of a criminal sale must be found by that body before it could consider a claim of conspiracy. Although we agree that the District Attorney's answer was not accurate, the effect did not prejudice defendant. The error simply imposed a greater burden on the prosecution than was necessary. We note that contrary to the additional claim of defendant, the evidence before the Grand Jury was sufficient to establish jurisdiction in Broome County. Based on the

foregoing analysis, we affirm defendant's judgment of conviction.

Weiss, P. J., Crew III, Mahoney and Harvey, JJ., concur. Ordered that the judgment is affirmed.