■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD MESLIN, Appellant. [608 NYS2d 484] —Appeal by the defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered September 13, 1991, convicting him of operating a motor vehicle while under the influence of alcohol as a felony, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's claims regarding the adequacy of the indictment and the court's failure to hold a requested pretrial hearing do not relate to jurisdictional defects or fundamental matters and thus have been waived by reason of his plea of guilty (see, People v Beattie, 80 NY2d 840; People v Taylor, 65 NY2d 1; People v Dunbar, 53 NY2d 868; People v Gerber, 182 AD2d 252). In any event, the indictment was supported by legally sufficient evidence (see, People v Booden, 69 NY2d 185; People v Vincente, 183 AD2d 940), and the defendant's remaining claims regarding these issues are either unpreserved for appellate review or without merit.

Furthermore, we find unpersuasive the defendant's contention that he was denied the effective assistance of counsel because his trial attorney did not move to dismiss the initial accusatory instrument for lack of corroboration. In any event, we find that the defendant's admissions were amply corroborated by the independent observations of the arresting police officer (see, CPL 60.50; People v Booden, supra). In any event, the adequacy of the initial accusatory instrument was rendered academic by the obtaining of an indictment against the defendant (see, CPL 170.20). Accordingly, the defense counsel cannot be deemed ineffective for failing to make a meritless motion. Sullivan, J. P., Joy, Friedmann and Goldstein, JJ., concur.