■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON ADDISON, Appellant. [631 NYS2d 462] —Crew III, J. Appeal from a judgment of the County Court of Albany County (Keegan, J.), rendered May 11, 1993, upon a verdict convicting defendant of the crime of burglary in the second degree.

Defendant stands convicted following a jury trial of burglary in the second degree, based on allegations that in the early morning hours of June 18, 1992, defendant climbed through the window of a private residence on Park Avenue in the City of Albany, intending to commit a crime. Defendant was sentenced as a predicate felon to an indeterminate period of

incarceration of $7^1/2$ to 15 years. Defendant contends that his judgment of conviction should now be reversed on the ground that the evidence adduced at trial was insufficient to sustain it. We disagree.

The victim testified that she awoke on the morning in question to find a man, answering defendant's description, standing in her bedroom door. The man was unknown to both the victim and her two female roommates, none of whom had given him permission to enter the premises. The victim later noticed that a chair had been removed from her porch and positioned under a kitchen window, in an apparent effort to gain entry to the residence.

Detective Timothy Carroll of the Albany Police Department then testified that he had lifted latent fingerprints from the door jamb of the victim's bedroom. James Ruszas of the State Division of Criminal Justice Services testified that his analysis of the fingerprints lifted by Carroll disclosed that there were 13 points of comparison between the latent fingerprints and those of defendant. Ruszas stated that only 8 points of comparison are usually required to confirm a match. We find that the combined testimony of these witnesses clearly constituted sufficient evidence to support the jury's verdict finding defendant guilty of second degree burglary (*see, People v Ivory*, 99 AD2d 154, 157; *see also, People v Mackey*, 49 NY2d 274, 278-280).

Defendant's remaining contention that he received ineffective assistance of counsel at trial based on defense counsel's failure to move for dismissal of the indictment on the ground that its terms were too general is equally without merit. Our review of the indictment discloses that it is valid on its face and does not suffer from the lack of specificity charged by defendant (*see, People v Mackey, supra*, at 278). Defense counsel's failure to object to the indictment cannot, therefore, be characterized as a failure to provide defendant with an adequate legal defense in that "defense counsel cannot be deemed ineffective for failing to make a meritless motion" (*People v Meslin*, 201 AD2d 744, *lv denied* 83 NY2d 913).

Mikoll, J. P., White, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment is affirmed.