■ In the Matter of ANTHONY VISERTO, Appellant, v PHILIP COOMBE, JR., as Commissioner of the Department of Correctional Services, Respondent. [656 NYS2d 958] —Appeal from a judgment of the Supreme Court (Ellison, J.), entered June 28, 1996 in Chemung County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review respondent's computation of petitioner's date for parole eligibility.

Petitioner, an inmate in the State prison system, was serving a series of concurrent prison sentences, including a term of 20 years to life for the crime of murder in the second degree. In October 1987, petitioner was sentenced to a prison term of $1^1/_2$ to 3 years for the crime of attempted criminal possession of a weapon in the third degree, which sentence was to run consecutively with the prior sentences. Petitioner appeals, contending that, *inter alia*, respondent improperly calculated his minimum sentence and denied him the opportunity to appear at a Parole Board hearing for release consideration.

The minimum aggregate terms of two or more consecutive indeterminate sentences is calculated by adding the minimum periods of each sentence, subject to certain limitations not applicable here (*see*, Penal Law § 70.30 [1] [b]; *see also, Matter of Roballo v Smith*, 63 NY2d 485, 487-488). Upon reviewing petitioner's sentences, we find that petitioner's minimum sentence and parole eligibility date were properly calculated.

In any event, to the extent that petitioner contends that he was denied the opportunity to appear at a Parole Board hearing for release considerations, this argument is rendered moot inasmuch as the Attorney-General's brief informs this Court that petitioner appeared before the Parole Board in June 1996, which appearance resulted in the denial of his application for parole release. We find petitioner's remaining contentions to be without merit.

Cardona, P. J., White, Casey, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.