Anthony VISERTO, # 79
A 0627, Petitioner,

v.

**Glenn S. GOORD, Commissioner, Respondent.**

**No. 97–CV–0633E(F).**

United States District Court,
W.D. New York.

Sept. 30, 1999.

---

Anthony Viserto, Elmira, NY, pro se.

Eliot L. Spitzer, Attorney General, State of New York, Jerry McGrier, Senior, Assistant Attorney General, of counsel, Buffalo, NY, for Respondent.

## MEMORANDUM and ORDER

ELFVIN, Senior District Judge.

On May 14, 1999, Magistrate Judge Leslie G. Foschio issued an Amended Report and Recommendation ("the R & R") wherein he recommended that this petition for a writ of habeas corpus under 28 U.S.C. §2254 be dismissed in its entirety. Upon de novo review of petitioner's objections and the full record herein, this Court adopts the R & R and dismisses the petition.

█ In reviewing an R & R, this Court may adopt those portions to which no specific objection has been made and which are not clearly erroneous. 28 U.S.C. §636(b)(1); *Thomas v. Arn,* 474 U.S. 140, 149, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). This Court also conducts a de novo review of those portions of the R & R to which such objections have been made. See *United States v. Raddatz,* 447 U.S. 667, 676, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980); *Grassia v. Scully,* 892 F.2d 16, 19 (2d Cir.1989).

Familiarity with the R & R is presumed. Viserto argues that he should be released from state custody because a sentence for a crime he committed in 1986 lengthened the minimum sentence for an unrelated crime he committed in 1975 in violation of the Ex Post Facto Clause of the United States Constitution. Succinctly stated, Viserto objects to the R & R on the basis that Judge Foschio "seems to be saying that petitioner can do his sentence [in] installments, and there is no *** authority to permit such a situation." Petitioner's Objections at 3 (filed June 3, 1999). Nevertheless, this objection is merely a restatement of the very issues the R & R considered in toto. As such, a de novo review of the parties' prior submissions and Judge Foschio's R & R leads this Court to adopt the findings and conclusions in the R & R, finding the rationale presented therein to be well-reasoned.

Accordingly, it is hereby **ORDERED** that the petitioner's objections are overruled, that the R & R filed May 14, 1999 is adopted in its entirety, that this petition for a writ of habeas corpus is dismissed in its entirety and that this case shall be closed.

Anthony Viserto, Petitioner,

v.

Floyd Bennett, Jr., Respondent.

## AMENDED REPORT and RECOMMENDATION

FOSCHIO, United States Magistrate Judge.

### *JURISDICTION*

Petitioner, Anthony Viserto ("Viserto"), initiated this action on August 12, 1997,

requesting habeas corpus relief under 28 U.S.C. § 2254. The matter was referred to the undersigned by the Hon. John T. Elfvin on July 17, 1998 for report and recommendation.

### BACKGROUND and FACTS[1]

On February 18, 1975, Viserto was arrested and charged with various crimes including murder in the second degree, four counts each of robbery in the first degree and robbery in the second degree, and criminal possession of a weapon in the first degree. Following his conviction, on December 21, 1978, Viserto was sentenced on February 26, 1979 to a series of concurrent prison terms including an indeterminate sentence of 20 years to life for the crime of murder in the second degree. That conviction was reversed on June 15, 1982.

Viserto was retried on those charges before Hon. Jerome W. Marks who convicted Viserto of murder in the second degree, robbery in the first degree, robbery in the second degree, as well as criminal possession of a weapon.[2] Viserto was sentenced to concurrent indeterminate sentences of 20 years to life for the murder conviction, 4 ½ to 9 years for each conviction on robbery in the first degree, 3 to 6 years for each conviction on robbery in the second degree, and 3 to 6 years for criminal possession of a weapon.

On October 31, 1986, while incarcerated for those convictions in the Clinton Correctional Facility in Dannemora, New York, Viserto was charged with attempted criminal possession of a weapon in the third degree, a class E felony. Following conviction on that charge in October 1987, Viserto was sentenced to an indeterminate sentence of 1 ½ to 3 years to run consecutively with his prior sentences.

Viserto previously challenged the consecutive sentence on the October 1987 conviction in New York Supreme Court in an Article 78 proceeding for review of the computation of the date Viserto became eligible for parole. That application was denied on June 28, 1996 and affirmed on appeal on April 3, 1997. *Viserto v. Coombe,* 238 A.D.2d 646, 656 N.Y.S.2d 958 (1997). Leave to appeal to the New York Court of Appeals was denied on June 27, 1997. *Viserto v. Coombe,* 90 N.Y.2d 804, 661 N.Y.S.2d 180, 683 N.E.2d 1054 (1997).

Viserto's habeas petition, filed August 12, 1997, challenges the constitutionality of the sentence imposed in October 1987 on the basis that it has lengthened the minimum sentence he received on his original convictions from 20 years to 21 ½ years, in violation of the Ex Post Facto Clause of the United States Constitution. The constitutionality of Viserto's underlying convictions, however, are not challenged. Specifically, Viserto asserts that as his sentence on the October, 1987 conviction permits conditional release after service of two thirds of the maximum time, he was entitled to immediate release from incarceration as of December, 1996.

By order dated August 26, 1997, Viserto was directed to advise the court as to why his petition, filed more than one year after he was sentenced on his second conviction, was not untimely. Viserto responded in accordance with that order, explaining that he was not aware until his anticipated parole eligibility date based on his earlier convictions approached that the 1 ½ to 3 year sentence imposed in October 1987 delayed that date for an additional 1 ½ years. On September 4, 1997, his petition was found timely.

On September 17, 1997, Viserto moved for appointment of counsel. That request was denied on September 25, 1997.

Respondent moved on December 12, 1997 for summary judgment. That motion was denied on April 21, 1998 and Viserto was ordered to file an amended petition naming Floyd Bennett, in his capacity as Superintendent of Elmira Correctional Facility as Respondent in place of Glenn S.

---

1. The fact statement is taken from the pleadings and motion papers filed in this action.

2. It is not clear from the record on how many of the robbery charges Viserto was convicted.

Goord, the original Respondent to this action. Viserto filed the properly amended petition on April 29, 1998, along with a Memorandum of Law in support. On June 19, 1998, Respondent filed an answer to the petition.

On June 22, 1998, Respondent moved to dismiss the petition and filed a Memorandum of Law in support. On July 23, 1998, Viserto filed a response in opposition to the motion to dismiss and he asserted for the first time N.Y. Corrections Law § 803.1 as an additional basis for habeas relief.[3] Oral argument was deemed unnecessary.

Based on following, Respondent's motion to dismiss should be GRANTED, and the petition should be DISMISSED.

### DISCUSSION

■ In reviewing a state prisoner's habeas corpus petition pursuant to 28 U.S.C. § 2254, a federal district court makes an independent determination as to whether the petitioner is in custody in violation of his rights under the Constitution, or any laws and treaties of the United States. *Coleman v. Thompson,* 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991), *reh'g denied,* 501 U.S. 1277, 112 S.Ct. 27, 115 L.Ed.2d 1109 (1991). It is basic that the relief available for a successful habeas petition is release from unlawful confinement. *Walker v. Wainwright,* 390 U.S. 335, 336–37, 88 S.Ct. 962, 19 L.Ed.2d 1215 (1968). In reviewing habeas petitions, federal courts do not function as appellate courts to review matters within the jurisdiction of the state, or to review rulings and decisions of state trial and appellate courts, rather, the court only determines whether the proceedings in the state court amount to a violation of federal constitutional rights. *Coleman, supra.* Federal review of a state court conviction is limited to errors of federal constitutional magnitude which denied a criminal defendant the right to a fundamentally fair trial. *Cupp v. Naughten,* 414 U.S. 141, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973). Federal trial courts considering petitions for habeas relief brought pursuant to 28 U.S.C. § 2254, however, should not "act as innovators in the field of criminal procedure, thereby upsetting state convictions because state courts were not prescient and thus failed to comply with federal law that did not exist at the time they ruled." *O'Brien v. Dubois,* 145 F.3d 16, 23 (1st Cir.1998) (citing *Teague v. Lane,* 489 U.S. 288, 310, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989) ("Unless they fall within an exception to the general rule, new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced.")); *see also* 28 U.S.C. § 2254(d)(1).

■■ A state prisoner applying for a writ of habeas corpus under 28 U.S.C. § 2254 is not entitled to an evidentiary hearing by the federal court, but the granting of a hearing is within the discretion of the federal district court. *Keeney v. Tamayo–Reyes,* 504 U.S. 1, 4–5, 112 S.Ct. 1715, 118 L.Ed.2d 318 (1992); *Townsend v. Sain,* 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), *overruled on other grounds by Keeney v. Tamayo–Reyes,* 504 U.S. 1, 112 S.Ct. 1715, 118 L.Ed.2d 318 (1992); *Pagan v. Keane,* 984 F.2d 61, 63 (2d Cir.1993). Further, the relevant state court's determinations as to issues of fact and state law are presumed to be correct unless one of the specified conditions pursuant to 28 U.S.C. § 2254(e), formerly 28 U.S.C. § 2254(d), is found to exist or unless the federal habeas court finds that the relevant state court determination is not fairly supported by the record. *Sumner v.*

---

**3.** N.Y. Corrections Law § 803.1 provides that an inmate incarcerated in a New York State correctional facility for service of a determinate or indeterminate sentence may, provided the maximum term of such sentence is not life, receive good time allowance against the maximum term or period of his sentence not to exceed in the aggregate one-third or the maximum term imposed by the court. Any good time allowance granted is subject to being withheld, canceled or forfeited based on subsequent bad behavior. N.Y. Correct. Law § 803.1 (McKinney 1987).

*Mata,* 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981). Absent these factors, the burden rests on the petitioner to establish, by clear and convincing evidence, that a factual determination is erroneous. *Sumner, supra.*

█ Viserto has not requested an evidentiary hearing prior to resolving his claims for relief, and, as only issues of law are raised, the court finds an evidentiary hearing is unnecessary.[4]

The parties do not dispute that under N.Y. Penal Law § 70.30(1)(b), as amended in 1978, the imposition of the indeterminate sentence of 1½ to 3 years on the October, 1997 conviction for attempted possession of a criminal weapon runs consecutive to, rather than concurrent with, his earlier indeterminate sentence of 20 years to life. Viserto maintains that the imposition of the subsequent sentence as it lengthened the minimum term of his original sentence from 20 years to 21½ years, thereby elevating his penalty for the class E felony conviction to that of a class A–1 felony, Amended Petition, ¶ 6(G), in violation of the Ex Post Facto Clause of the United States Constitution.[5] ¶ 6(E), (F), (I) & (J). In particular, Viserto argues that the additional sentence postponed his anticipated parole hearing date of February 1995, when the minimum term of the sentence imposed with regard to his 1982 conviction, as well as the minimum term of his subsequent sentence, would have run absent the 1978 amendment to § 70.30(1)(b). Petitioner's Memorandum of Law filed August 29, 1998 (Docket Item No. 14) ("Petitioner's Memorandum of

Law"), ¶¶ J, K. Viserto also asserts that the amendment to § 70.30(1)(b) violates N.Y. Crim Proc.Law § 430.10 which forbids a court from changing, suspending or interrupting a sentence once the term or period imposed under that sentence has commenced.[6] Amended Petition, ¶ 6(G); Petitioner's Memorandum of Law at 3.

█ The Supreme Court has stated that "any statute ... which makes more burdensome the punishment for a crime, after its commission ... is prohibited as ex post facto." *Dobbert v. State of Florida,* 432 U.S. 282, 292, 97 S.Ct. 2290, 53 L.Ed.2d 344 (1977) (quoting *Beazell v. State of Ohio,* 269 U.S. 167, 169–70, 46 S.Ct. 68, 70 L.Ed. 216 (1925)). The purpose of the ex post facto provision is "to assure that legislative Acts give fair warning of their effect and permit individuals to rely on their meaning until explicitly changed." *Weaver v. Graham,* 450 U.S. 24, 28–29, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981). No ex post facto violation lies, however, if a change in the law is merely procedural and does "not increase the punishment nor change the ingredients of the offense or the ultimate facts necessary to establish guilt." *Weaver, supra,* at 30 n. 12, 101 S.Ct. 960 (quoting *Hopt v. Utah,* 110 U.S. 574, 590, 4 S.Ct. 202, 28 L.Ed. 262 (1884)). The critical question in determining whether an ex post facto violation has occurred "is whether the law changes the legal ·consequences of acts completed before its effective date." *Weaver, supra,* at 31, 101 S.Ct. 960.

---

**4.** Although not raised by Respondent, the court notes that Viserto was granted a parole hearing in June, 1996 which resulted in a denial of parole. *Viserto v. Coombe,* 238 A.D.2d 646, 656 N.Y.S.2d 958 (1997). Viserto's habeas petition is thus moot insofar as it seeks a parole hearing. Nevertheless, the court retains jurisdiction over Viserto's petition for habeas relief as it was filed by him while in custody, *Anderson v. Smith,* 751 F.2d 96, 100 (2d Cir.1984), and the court thus considers whether, as he asserts, Viserto was entitled to be automatically released on parole in December, 1996. Amended Petition, ¶ L.

**5.** "No State shall ... pass any ... ex post facto Law." U.S. Const., Art. I, § 10, cl. 1.

**6.** Issues of state law provide no basis for federal habeas relief. *Estelle v. McGuire,* 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.").

██ Viserto specifically challenges N.Y. Penal Law § 70.30(1)(b), which provides that in determining a defendant's earliest parole eligibility date, with regard to a defendant who is serving two or more indeterminate sentences which run consecutively, the minimum terms of each such sentence are added together to arrive at the an aggregate minimum period of imprisonment. Amended Petition, ¶ 6(I). In 1975, when Viserto committed the crime for which he eventually was sentenced in 1982, N.Y. Penal Law § 70.30(1)(b) provided that the minimum terms of incarceration as to sentences which run consecutively merge and are satisfied by service of the minimum term of the sentence which has the longest maximum term. N.Y. Penal Law § 70.30(1)(b) (McKinney 1975). Further, if a person were convicted of a subsequent crime while serving a period of incarceration for a previous criminal conviction, the sentenced imposed on the subsequent conviction would commence immediately and was merged with the remaining portion of the previous sentence. Hechtman, Practice Commentaries, McKinney's Cons Laws of NY, Penal Law § 70.30.

Under the terms of § 70.30(1)(b) prior to 1978, Viserto would have begun to serve his subsequent indeterminate sentence of 1 ½ to 3 years immediately upon its imposition in October, 1987 and such sentence would not have delayed his anticipated parole eligibility date of February, 1995 as to his sentence imposed on his 1982 sentence. Section 70.30(1)(b), however, was amended in 1978 to provide, as noted, that minimum sentences which run consecutively are added together for an aggregate total minimum sentence. N.Y. Penal Law § 70.30(1)(b) (McKinney 1995). Accordingly, Viserto did not commence serving his subsequent sentence until February, 1995, after he had served the minimum 20 years on his previous indeterminate sentence of 20 years to life.

In *Weaver, supra,* the Supreme Court considered whether a Florida state statutory amendment which enacted a new procedure for calculation of good-time credits violated the Ex Post Facto Clause when it was applied retroactively and resulted in delay of an inmate's anticipated release date based on good time credited him under the statute prior to the challenged amendment. The Supreme Court noted that the petitioner had pleaded guilty to the crime for which he was incarcerated and observed that eligibility for parole is a significant factor considered in both the defendant's decision to plea bargain as well as the judge's calculation of the sentence to be imposed. *Weaver, supra,* at 25, 32, 101 S.Ct. 960. Two critical elements were found to be necessary for a criminal or penal law to violate the ex post facto prohibition. *Weaver, supra,* at 29, 101 S.Ct. 960. The law must apply to events which occurred before its enactment and its application must disadvantage the offender. *Id.,* at 29, 101 S.Ct. 960. The Court found that the amended statute as applied retrospectively to prisoners violated the Ex Post Facto Clause as it disadvantaged such prisoners by reducing their opportunity to shorten their time in prison through good conduct, rendering the punishment for crimes committed before the statute's enactment more onerous, thereby changing the legal consequences of the crime after it was committed. *Weaver, supra,* at 33–35, 101 S.Ct. 960. The Supreme Court later held that an ex post facto violation occurs where a change in the law, after a defendant's crime, either punishes conduct previously considered non-criminal or increases the punishment for a crime after it is committed. *Collins v. Youngblood,* 497 U.S. 37, 42, 110 S.Ct. 2715, 111 L.Ed.2d 30 (1990) (citing *Beazell, supra,* at 169–70, 46 S.Ct. 68). *See California Department of Corrections v. Morales,* 514 U.S. 499, 506, 115 S.Ct. 1597, 131 L.Ed.2d 588 (1995).

In *Morales, supra,* the Court reversed a decision that any retrospective law which makes a parole hearing less accessible violates the Ex Post Facto Clause by effectively increasing the prisoner's sentence. *Morales, supra,* at 504, 115 S.Ct. 1597. Before the Court was a California statuto-

ry amendment which permitted parole hearings to be held once every three years rather than annually for inmates convicted of two or more crimes involving the taking of life and for whom the parole board determined at the initial parole hearing that the inmate was not likely to qualify for parole within the coming year. *Morales, supra,* at 503, 115 S.Ct. 1597. The Court observed that it had never endorsed such an expansive view of the Ex Post Facto Clause predicated on a speculative and attenuated risk of a delay in an inmate's anticipated parole eligibility hearing, *Morales, supra,* at 508, 115 S.Ct. 1597. As the amendment as issue did not change the legal consequences of such crime after its commission, the court found that despite the statutory amendment's retrospective application, it did not unconstitutionally alter the punishment for the crime of which the petitioner was convicted. *Morales, supra,* at 511, 115 S.Ct. 1597.

Similarly, in the instant case, the 1978 amendment to § 70.30(1)(b) did not change the legal consequences of the crime of murder committed by Viserto before its effective date, 1978. *Weaver, supra,* at 31, 101 S.Ct. 960. Viserto's sentence on his 1982 conviction was never increased by the subsequent October, 1987 sentence. Rather, the subsequent sentence was imposed based on Viserto's conviction in October, 1987 for his weapons offense in October, 1986, a charge unrelated to his earlier convictions. Further, as the challenged amendment to § 70.30(1)(b) became effective in 1978, Viserto had fair notice of it and acted at his own peril eight years later when, in October, 1986, he committed the crime which led to his conviction and sentence in October, 1987. *See Weaver, supra,* at 28–29, 101 S.Ct. 960.

The 1978 amendment to § 70.30(1)(b) thus had no effect on the standard for determining an inmate's initial parole eligibility date or his suitability for parole based on his original conviction. Instead, under § 70.30(1)(b), an inmate's anticipated date of initial parole eligibility is extended upon the inmate's subsequent conviction of a second crime while incarcerated on the prior conviction because the sentence imposed on the subsequent conviction is to run consecutive with the present sentence. As noted, this change in the law preceded Viserto's 1986 offense. Indeed, this same result was possible under § 70.30(1)(b) as it existed prior to 1978 as to any inmate convicted of a subsequent crime for which the minimum term of imprisonment of the sentence imposed exceeded the remaining minimum term of imprisonment on the inmate's present sentence even though the new sentence would have run concurrently with the previous sentence. *See* N.Y. Penal law § 70.30(1)(b) (McKinney 1975).

As such, § 70.30(1)(b), as amended in 1978, did not impose any additional penalty with regard to Viserto's 1982 homicide, burglary and weapons possession convictions and, thus, does not qualify as an ex post facto law. *Weaver, supra,* at 30 n. 12, 101 S.Ct. 960. Rather, it was Viserto's 1986 weapons conviction which upset his anticipated parole eligibility date. His own conduct, rather than the law, created the impediment to early release of which he complains. Any appearance of ex post facto effect is thus illusory. Viserto's petition for habeas relief on that ground should, therefore, be DENIED.

■ Nor is there any merit to Viserto's claim, asserted for the first time in opposition to Respondent's motion to dismiss, that by combining his 1987 sentence, for which he was entitled pursuant to N.Y. Correction Law § 803.1 to earn good time allowance against the maximum sentence, with his earlier sentence, he was wrongfully denied the ability to earn such credit. Petitioner's Memorandum of Law, at 4. Under N.Y. Correct. Law § 803.1 any inmate serving an indeterminate sentence with a maximum term of life imprisonment is precluded from earning good time credit to be applied against the maximum term or period of incarceration. N.Y. Correct. Law § 803.1 (McKinney 1987).

Viserto's claim on this ground suggests that he believes that if he had been per-

mitted to earn good time credit on his 1987 conviction, he would have been automatically eligible for parole in February 1997 when he would have served two thirds of the maximum three year term of incarceration. Although Viserto did not specifically assert this claim in either his original or amended petition, he did claim he was entitled to immediate conditional release from incarceration in December 1996 after serving two thirds of his second sentence. Amended Petition, ¶ 6(L).[7] However, Viserto was denied eligibility for parole at a hearing held in December 1996.

Here, the record indicates that Viserto, who was first incarcerated in February 1975 in connection with the murder for which he was eventually convicted following his re-trial in 1982, completed the minimum of his 20 year to life term imposed in connection with the 1982 conviction in February 1995. Thus, Viserto began serving the 1½ to 3 years sentence imposed on his subsequent 1987 conviction in February 1995. As such, Viserto would have served that sentence's minimum term by August 1996 and its maximum term by February 1998. However, the fact that Viserto was still incarcerated when he filed his amended petition in April 1998 indicates that he remained in custody pursuant to his 1982 conviction for the entire time he served the subsequent 1½ to 3 years sentence, beginning in February 1995, on his 1987 conviction. Accordingly, Viserto was at all times relevant to his incarceration pursuant to the 1987 conviction, ineligible for any good time credit allowance under N.Y. Correct. Law § 803.1 based on the fact that he continued to serve an indeterminate sentence with a maximum term of life imprisonment on the 1982 conviction. Therefore, Viserto's loss of good time argument presents solely a matter of state law, not cognizable for federal habeas review. *McGuire, supra,* at 67–68, 112 S.Ct. 475.

No basis for habeas relief thus lies under N.Y.Corr.Law § 803.1. Accordingly, Viserto's petition on that ground should be DENIED.

### CONCLUSION

Based on the foregoing, Respondent's motion to dismiss the instant petition for habeas relief (Docket Item No. 16) should be GRANTED, and the petition should be DISMISSED. Further, as the court finds there is no substantial question presented for appellate review, a certificate of appealability should not issue. 28 U.S.C. § 2253, as amended by the Antiterrorism and Effective Death Penalty Act of 1996. May 14, 1999.

---

**7.** Respondents have not objected to this claim as not having been asserted. As Viserto is *pro se,* the court finds that a liberal construction of the Amended Petition as required by the Supreme Court, *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (instructing that pleadings of *pro se* litigants be liberally construed), demonstrates this claim was asserted. Retroactive diminution of good time credits may state an ex post facto violation. *Weaver, supra,* at 36, 101 S.Ct. 960.