[699 NYS2d 147]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent-Appellant,
v WILLIAM GREY, Appellant-Respondent.

Third Department, November 24, 1999

## APPEARANCES OF COUNSEL

*Marcel J. Lajoy,* Schenectady, for appellant-respondent.

*Robert M. Carney, District Attorney* of Schenectady County, Schenectady (*Alfred D. Chapleau* of counsel), for respondent-appellant.

GRAFFEO, J.

This case arises out of a July 1993 burglary at the Schenectady Job Training Agency (hereinafter Agency). An investigation revealed that fingerprints found at the crime scene matched those of defendant but he was not arrested until June 1995 because he could not be located. At the conclusion of a jury trial, defendant was convicted of burglary in the third degree, grand larceny in the fourth degree and criminal mischief in the fourth degree. Defendant appealed, arguing several grounds for reversal, including ineffective assistance of counsel based upon defense counsel's failure to move to dismiss the indictment on speedy trial grounds. Upon finding that defendant received ineffective assistance of counsel, this Court remitted the matter to County Court to conduct a hearing to determine whether defendant's right to a speedy trial was violated (257 AD2d 685). County Court conducted a factual inquiry and granted defendant's motion to dismiss the indictment pursuant to CPL 30.30.

■ The People appeal, contending that the delay between the commencement of the criminal action and the People's announcement of readiness for trial was occasioned by defendant's absence and that due diligence was exercised in attempting to ascertain his whereabouts (*see,* CPL 30.30 [4] [c] [i]). The determination of whether the People have exercised due diligence in locating a person is a mixed question of law and fact (*see, People v Luperon,* 85 NY2d 71, 78), and although minimal efforts are not sufficient to satisfy due diligence, "the police are not obliged to search for a defendant indefinitely as long as they exhaust all reasonable investigative leads as to his [or her] whereabouts" (*People v Delaronde,* 201 AD2d 846, 848).

Here, after matching the fingerprints found at the scene to those of defendant, the Schenectady Police Department (hereinafter the Department) investigation revealed that defendant had departed from his last known address in the Village of Port Henry, Essex County. After eliciting the assistance of the State Police and the Port Henry Police Department, it was discovered that defendant had relocated to Phoenix, Arizona. In March 1994, a warrant for defendant's arrest was filed and forwarded to defendant, along with a letter to the address in Phoenix provided by the Port Henry Police Department. The letter was not returned to the Department as

undeliverable. Shortly thereafter, the Department attempted to obtain information from defendant's previous employer in the Town of Westport, Essex County, but was advised that he no longer worked there.

When the Maricopa County Sheriff's Department in Arizona failed to locate defendant, the warrant was entered into the New York State Police Information Network (hereinafter NYSPIN), which is part of a nationwide computer system enabling law enforcement personnel to access information. The warrant was also listed on a report of new warrants available to all City of Schenectady police officers and defendant's name was placed on a "hotsheet" posted and distributed throughout the Department. In addition, a police officer periodically checked the Schenectady County Jail inmate list for defendant's name. When defendant was stopped by the State Police in June 1995 for a traffic infraction, he was arrested as a result of the NYSPIN listing. Under these circumstances, we conclude that the Department's actions were reasonable and constituted due diligence, notwithstanding the fact that greater efforts could have been undertaken (*see, People v Marrin*, 187 AD2d 284, 286, *lv denied* 81 NY2d 843). Accordingly, the order which granted defendant's motion to dismiss the indictment is reversed.

 In light of the foregoing, the merits of defendant's remaining grounds for appeal must be addressed. Defendant's first contention is that his conviction was against the weight of the evidence. In reviewing whether the weight of the evidence is sufficient to support a verdict, the Court must view the evidence in a neutral light (*see, People v Holiday*, 249 AD2d 624, 625, *lv denied* 92 NY2d 899) and accord deference to the jury's assessment of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495). The People in this case presented the testimony of a police officer who described the procedure he used to obtain defendant's fingerprints at the crime scene. Another witness explained the method and basis used for determining the match and testified that the fingerprint was fresh, opining that it could not have been two years old. According to the testimony of an employee of the Agency, defendant had been a student in its program for a few months but had not had any contact with the Agency since June 1991. Proof of identification on such basis is subject to the jury's determinations of credibility and reliability (*see, People v Peguero*, 249 AD2d 134, *lv denied* 92 NY2d 858), and a verdict of guilt based on a defendant's famil-

iarity with the premises and fingerprints found at the scene is not necessarily against the weight of the evidence (cf., *People v Smiley*, 200 AD2d 777, 777-778). As defendant presented no expert testimony to rebut the People's proof, we conclude that it was reasonable for the jury to determine that the fingerprints could have only been left on the video cart by defendant during commission of the crime and the verdict, therefore, was not against the weight of the evidence.

We further find that defendant's alibi defense was sufficiently rebutted by the People in demonstrating the existence of gaps in time during which witnesses could not account for defendant's whereabouts.

■ Lastly, defendant's assertion that County Court's *Sandoval* ruling was an improvident exercise of discretion is unavailing. Defendant's youthful offender adjudication involving a theft-related offense manifested defendant's willingness to place his personal interests above those of society; it was highly probative on the issue of credibility and therefore admissible (*see, People v Quesnel*, 238 AD2d 725, 727, *lv denied* 90 NY2d 896), notwithstanding the fact that the prior adjudication involved conduct similar to the crime charged (*see, People v Doane*, 208 AD2d 971, 973).

Defendant's remaining contentions have been considered and found to be lacking in merit.

MERCURE, J. P., PETERS, SPAIN and CARPINELLO, JJ., concur.

Ordered that the order is reversed, on the law and the facts, motion denied and indictment reinstated.

Ordered that the judgment is affirmed.