■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERVUN ARMLIN, Appellant. [721 NYS2d 882] —Mercure, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered April 18, 1997, upon a verdict convicting defendant of the crime of sodomy in the first degree.

Convicted after trial of sodomy in the first degree and sentenced as a persistent violent felony offender to an indeterminate prison term of 25 years to life, defendant now appeals, contending that County Court erred in denying his pretrial motion to suppress an inculpatory written statement he gave to the police and also that the sentence imposed by County Court is harsh and excessive. There is no merit to either contention. We accordingly affirm.

Initially, we conclude that County Court did not err in its determination to deny defendant's suppression motion. The evidence adduced at the *Huntley* hearing established that investigation by the City of Albany Police Department provided probable cause to believe that defendant had perpetrated a sexual assault upon a woman in Albany on May 9, 1996. The police arrested defendant early the next morning and brought him to the station house for questioning. Present in the interview room were two detectives and defendant's parole officer. Defendant was given *Miranda* warnings at the outset, but he waived those rights and voluntarily submitted to questioning. Initially, defendant gave two exculpatory accounts of his involvement with the victim, but he ultimately acknowledged engaging her in nonconsensual sexual contact. Defendant's final statement was then transcribed by one of the detectives. Defendant read the statement, initialed its written *Miranda* warnings and then signed the statement.

We are unpersuaded that defendant's statement was the product of coercion simply because the police chose not to transcribe his initial exculpatory versions of the events but prepared a written narrative embodying only his final account.

The record of the *Huntley* hearing shows that, because each of the earlier versions was at variance with the statement received from the victim, the police merely asked defendant if he was telling the truth, whereupon he voluntarily proceeded to the next version. The record reveals no evidence that defendant's will was overborne or that his statement was coerced in any way, and we can perceive no valid purpose to be served by having the police transcribe statements that defendant acknowledged were untruthful.

Also unavailing is the contention that the sentence imposed by County Court was unduly harsh and excessive. Once County Court adjudicated defendant a persistent violent felony offender, a determination which is not challenged on appeal, its sentencing options were very limited. Defendant having been convicted of a class B violent felony offense, County Court was required to impose an indeterminate sentence of imprisonment with a maximum term of life imprisonment and a minimum term ranging from 20 years to 25 years (*see*, Penal Law § 70.08 [2], [3] [a]). Considering defendant's prior criminal record and the fact that he had been released on parole on a felony conviction only six months prior to the present crime, we perceive no valid basis for disturbing County Court's determination to impose a sentence of imprisonment of 25 years to life.

Cardona, P. J., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.