■ In the Matter of WINSTON FLOWERS, Appellant, v DAVID L. MILLER, as Superintendent of Eastern Correctional Facility, Respondent. [726 NYS2d 171] —Cardona, P. J. Appeal from a judgment of the Supreme Court (Kavanagh, J.), entered August 23, 2000 in Ulster County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request to recalculate his aggregate sentence.

Upon his 1987 convictions of five counts of robbery in the first degree, petitioner was sentenced to five consecutive prison terms of 8⅓ to 25 years. In this proceeding, he challenges his aggregate term of 25 to 50 years, a calculation performed by the Department of Correctional Services (*see, People v Moore*, 61 NY2d 575). Supreme Court dismissed the petition, prompting this appeal.

We affirm. Pursuant to Penal Law former § 70.30 (1) (c) (iii), "the aggregate maximum term of consecutive sentences imposed for the conviction of three or more violent felony offenses * * * one of which is a class B violent felony offense, shall, if it exceeds fifty years, be deemed to be fifty years." Petitioner claims that this statutory provision does not apply to him because of his status as a first-time offender. We disagree since all the criteria of Penal Law former § 70.30 (1) (c) (iii), were satisfied by petitioner. Therefore, his aggregate maximum term was properly determined to be 50 years.

We also do not agree with petitioner's contention that, as a first-time offender, his aggregate minimum period of imprisonment could not exceed one third of the aggregate maximum term. Pursuant to the statutes existing at the time of his sentencing, each of the sentences imposed had a minimum period of one third of the maximum term, reflecting petitioner's status as a first-time offender. Inasmuch as multiple sentences were imposed, however, Penal Law former § 70.30 "direct[ed] how the aggregate length of those sentences should be calculated" (*Matter of Roballo v Smith*, 63 NY2d 485, 489). Where, as here, the aggregate maximum was entitled to a statutory reduction, the statute required that the aggregate minimum be the lesser of the actual aggregate minimum or one half of the reduced aggregate maximum (*see*, Penal Law former § 70.30 [1] [c] [i]). Accordingly, petitioner's aggregate minimum period of imprisonment was properly determined to be 25 years.

Finally, petitioner's objection to the severity of the sentence is, *inter alia*, outside the scope of this proceeding challenging the calculation of the aggregate sentence. In any event, were it properly before us, we would note that petitioner received a substantial benefit in the reduction of his aggregate sentence from a term of 41⅔ to 125 years to a term of 25 to 50 years.

Crew III, Spain, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.