■ In the Matter of WILLIAM PRIDE, Appellant, v GLENN GOORD, as Commissioner of the New York State Department of Correctional Services, et al., Respondents. [728 NYS2d 565] —Cardona, P. J. Appeal from a judgment of the Supreme Court (LaBuda, J.), entered April 12, 2000 in Sullivan County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondents denying petitioner's request to recalculate his aggregate sentence.

In 1987, petitioner was sentenced to indeterminate prison terms of 12½ to 25 years on each of two counts of attempted murder in the second degree and 8⅓ to 25 years on each of four counts of robbery in the first degree. The sentences on the murder counts were to run consecutively, while the sentences on the robbery counts were to run concurrently with each other and with the murder counts. On petitioner's direct appeal, the sentences were modified to the extent that the minimum periods of imprisonment on the murder counts were reduced to one third of the maximum terms, or 8⅓ years (*People v Pride,* 173 AD2d 651, *lv denied* 78 NY2d 972). Petitioner thereafter successfully challenged in Supreme Court, Kings County, the calculation of his aggregate term as 16⅔ to 50 years, arguing that the aggregate maximum term should have been 40 years. Accordingly, the Department of Correctional Services (hereinafter DOCS) recalculated his aggregate sentence to be 16⅔ to 40 years. When DOCS denied petitioner's later request to have the aggregate minimum period of imprisonment reduced to 13⅔ years, one third of the aggregate maximum term, petitioner commenced this CPLR article 78 proceeding. Supreme Court dismissed the petition and petitioner appeals.

Although each of the multiple sentences imposed on petitioner had a minimum period which was one third of the maximum term pursuant to the sentencing statutes applicable to petitioner as a first-time offender, Penal Law former § 70.30 "direct[ed] how the aggregate length of those sentences should be calculated" (*Matter of Roballo v Smith,* 63 NY2d 485, 489). Where, as here, the aggregate maximum was entitled to a statutory reduction, in this case from 50 years to 40 years (*see,* Penal Law former § 70.30 [1] [c] [ii]), the statute required that the aggregate minimum be the lesser of the actual aggregate minimum or one half of the reduced aggregate maximum (*see,* Penal Law former § 70.30 [1] [c] [i]; *see also, Matter of Flowers v Miller,* 284 AD2d 618). Notably, the sum of the minimum periods of petitioner's two consecutive sentences is 16⅔ years (*see,* Penal Law former § 70.30 [1] [b]), which is less than one half of the reduced aggregate maximum (20 years). Therefore, the aggregate minimum calculated by DOCS was proper. Petitioner's alternative request that the sentences be reduced in the interest of justice is beyond the scope of this proceeding (*see, Matter of Flowers v Miller, supra*).

Mercure, Crew III, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.