THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANKLIN LEONARD, Appellant. [743 NYS2d 362] —Appeal from a judgment of Supreme Court, Monroe County (Mark, J.), entered February 15, 2001, convicting defendant after a jury trial of, inter alia, robbery in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Supreme Court properly denied defendant's motion to suppress the victim's in-court identification of defendant. Defendant matched the general description of the suspect that was broadcast over the police radio and was

observed running into the woods, a short distance from the scene of the crime, within a brief period of time after the crime was committed. Based on the totality of the circumstances, the police had reasonable suspicion to stop and detain defendant so that he could be returned to the crime scene for a showup identification procedure (*see People v Walker*, 292 AD2d 791; *People v Bratcher*, 291 AD2d 878, 878; *People v Casillas*, 289 AD2d 1063, 1063-1064). There is no merit to the further contention of defendant that the court erred in denying his request for a moral certainty charge. Such a charge is not mandated where, as here, the evidence of defendant's guilt is both direct and circumstantial (*see People v Daddona*, 81 NY2d 990, 992; *People v Goncalves*, 283 AD2d 1005, 1005-1006, *lv denied* 96 NY2d 918; *People v Reynolds*, 269 AD2d 735, 737, *lv denied* 95 NY2d 838, *cert denied* 531 US 945). Present—Pigott, Jr., P.J., Green, Hurlbutt, Scudder and Burns, JJ.