■ In the Matter of DAVID THORPE, Appellant, v NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES, Respondent. [761 NYS2d 880] —Appeal from a judgment of the Supreme Court (McNamara, J.), entered September 12, 2002 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent calculating the length of petitioner's term of imprisonment.

Petitioner is currently incarcerated as the result of several sentences, the most recent of which was imposed in August 1997 upon his conviction of manslaughter in the first degree, a crime which he committed in 1992 while released on parole. Based upon the sum of petitioner's sentences (which include his conviction in 1983 of the crimes of robbery in the second degree and attempted robbery in the second degree, together with subsequent adjudications of parole delinquency), respondent calculated petitioner's maximum release date as May 30, 2013. In March 2002, petitioner commenced this CPLR article 78 proceeding challenging respondent's computation of his maximum sentence. Supreme Court dismissed the petition, giving rise to this appeal.

Notwithstanding petitioner's contentions to the contrary, his sentence of 9 to 18 years, following his 1997 conviction of manslaughter in the first degree, was correctly ordered to be served consecutively to the undischarged portion of his previous sentences (*see* Penal Law § 70.25 [2-a]; *see also Matter of Patterson v Goord*, 299 AD2d 769, 771 [2002]). Petitioner's term of incarceration was correctly determined; hence, the judgment of Supreme Court will not be disturbed.

Mercure, J.P., Peters, Carpinello, Mugglin and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.