■ In the Matter of FRANKLIN LEONARD, Appellant, v MARGARET DUSHANTINSKI, as Inmate Records Coordinator, Auburn Correctional Facility, et al., Respondents. [771 NYS2d 743]—

Mercure, J. Appeal from a judgment of the Supreme Court (Spargo, J.), entered March 5, 2003 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondents calculating the length of petitioner's term of imprisonment.

In January 1999, petitioner was sentenced to concurrent prison terms of 3½ to 7 years upon his conviction of the crimes of robbery in the second degree and criminal possession of stolen property in the third degree. He entered the custody of the Department of Correctional Services (hereinafter DOCS) on April 1, 1999. In January 2000, it was determined that the sentence imposed on petitioner's conviction of robbery in the second degree was not in compliance with the Penal Law. Supreme Court vacated petitioner's conviction and sentence, restoring the case to the court calendar. The trial that ensued resulted in a verdict convicting petitioner of robbery in the second degree and two counts of grand larceny in the fourth degree. He was sentenced in February 2001 to a determinate prison term of five years on the robbery conviction, to be followed by five years of postrelease supervision, and two prison terms of 2 to 4 years on each count of fourth-degree grand larceny (*see People v Leonard*, 295 AD2d 998, 999 [2002], *lv denied* 99 NY2d 537 [2002]). All three terms of imprisonment were to run concurrently with each other and consecutively to the unserved portion of the maximum of petitioner's 1999 sentence for criminal possession of stolen property in the third degree, which he continued to serve at the time of his 2001 trial.

DOCS calculated petitioner's parole eligibility date as September 1, 2006, with a maximum release date of November 21, 2009. Petitioner disputed DOCS's calculations regarding his maximum release date and initiated this CPLR article 78 proceeding to challenge them. Petitioner argued that instead of aggregating the *maximum* terms of the 1999 and 2001 indeterminate sentences pursuant to Penal Law § 70.30 (1) (b), DOCS should have applied Penal Law § 70.30 (1) (d) and added the determinate sentence imposed in 2001 to the time remaining on the *minimum* term of the 1999 sentence. We disagree.

Penal Law § 70.30 (1) dictates that DOCS must "employ two methods of calculation and then . . . select the larger of the resulting figures to determine [the] petitioner's maximum expiration date" (*see Matter of Patterson v Goord*, 299 AD2d 769, 771 [2002]). In the matter before us, DOCS carried out its calculations using the methods in paragraphs (b) and (d) of Penal Law § 70.30 (1), concluding that the appropriate date was arrived at by adding the maximum terms required by petitioner's indeterminate sentences. Inasmuch as our review confirms that petitioner's release date was correctly calculated by DOCS, Supreme Court's judgment dismissing the petition will not be disturbed (*see Matter of Thorpe v New York State Dept. of Correctional Servs.*, 307 AD2d 487, 487 [2003], *lv denied* 100 NY2d 515 [2003]).

Cardona, P.J., Peters, Mugglin and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.