(January 26, 2006)

■ The People of the State of New York, Respondent, v Gregory Jackson, Appellant. [808 NYS2d 822]—

Lahtinen, J. Appeals (1) from a judgment of the Supreme Court (Teresi, J.), rendered August 8, 2001 in Albany County, upon a verdict convicting defendant of the crimes of burglary in the second degree and grand larceny in the fourth degree, and (2) by permission, from an order of said court, entered June 26, 2002, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

The victim returned from a day at work to find that her home in the Town of Colonie, Albany County, had been broken into and various items, estimated by her to be worth over $2,500, were missing. During the investigation, a latent fingerprint was found on a cash box in the victim's home that matched defendant's left ring finger. Defendant was indicted for the crimes of burglary in the second degree and grand larceny in the fourth degree. He was convicted of both counts following a jury trial. Supreme Court sentenced him in October 2001, as a persistent violent felon, to concurrent prison terms of 25 years to life for burglary and 2 to 4 years for grand larceny. The court further directed that these sentences would run consecutive to a sentence of 20 years to life that defendant had received in August 2001 after his conviction for separate criminal conduct that included burglary in the second degree. Defendant's subsequent CPL article 440 motion to vacate the judgment on the ground of the ineffective assistance of counsel was denied without a hearing. These appeals ensued.

Defendant first argues that his sentence was illegal and,

alternatively, harsh and excessive. We initially note that defendant does not contest that he was properly treated at sentencing as a persistent violent felon (*see* Penal Law § 70.08 [1]) and that 25 years to life was a lawful sentence (*see* Penal Law § 70.08 [2], [3]). Moreover, since the crimes underlying the current convictions were committed at a separate time than the crimes for which he was sentenced in August 2001, it was certainly within Supreme Court's discretion to impose the October 2001 sentence consecutive to the earlier one (*see* Penal Law § 70.25 [1]). Defendant nevertheless contends that his aggregate maximum sentence from the August 2001 sentence and the October 2001 sentence violates the statutory limits of Penal Law § 70.30. However, Supreme Court made no order regarding the aggregate sentence. The calculation of the aggregate sentence for consecutive sentences such as those involved here is generally done by the Department of Correctional Services (hereinafter DOCS; *see generally People v Ramirez*, 89 NY2d 444, 455 n 7 [1996]; *Matter of Roballo v Smith*, 63 NY2d 485, 487 [1984]; *Matter of Leonard v Dushantinski*, 4 AD3d 642, 642-643 [2004], *appeal dismissed* 3 NY3d 685 [2004]), and any alleged error may be challenged in a proceeding pursuant to CPLR article 78 (*see generally Matter of Pride v Goord*, 285 AD2d 766 [2001]; *Matter of Flowers v Miller*, 284 AD2d 618 [2001]; *Matter of Viserto v Coombe*, 238 AD2d 646 [1997], *lv denied* 90 NY2d 804 [1997]). Supreme Court made no legal error in imposing the October 2001 sentence consecutive to the August 2001 sentence and this record, which does not contain DOCS's calculation of the aggregate sentence, is insufficient for review of such issue (*see People v Nusbaum*, 222 AD2d 723, 726 [1995], *lv denied* 87 NY2d 1023 [1996]; *see also People v Belle*, 277 AD2d 143, 143-144 [2000], *lv denied* 96 NY2d 780 [2001]; *People v Printup*, 255 AD2d 1000, 1001 [1998], *lv denied* 92 NY2d 1037 [1998]).

We are also unpersuaded by defendant's argument that the sentence was an abuse of discretion. Defendant had more than two prior violent felony convictions, including several earlier burglaries. He showed no progress toward rehabilitation and accepted no responsibility for his conduct. Supreme Court's decision to impose the maximum sentence and to run the sentence consecutive to prior sentences was not an abuse of discretion under the circumstances of this case (*see People v O'Connor [Dusty]*, 6 AD3d 738, 740-741 [2004], *lvs denied* 3 NY3d 639, 645 [2004]; *People v Armlin*, 281 AD2d 818, 819 [2001], *lv denied* 96 NY2d 898 [2001]).

Defendant's assertion that the fingerprint evidence was unreliable and not legally sufficient to support the verdict must

also be rejected. When predicated upon a proper foundation, fingerprint evidence may provide ample proof to uphold a conviction (*see People v Rusho*, 291 AD2d 855, 855 [2002], *lv denied* 98 NY2d 680 [2002]; *People v Grey*, 259 AD2d 246, 249-250 [1999], *lv denied* 94 NY2d 880 [2000]; *People v Addison*, 219 AD2d 782, 783 [1995]). The testimony of the Colonie police investigator who found and lifted the prints, the analysis by the Automatic Fingerprint Identification System, the evidence of the technician concluding that defendant was the only possible true match to the print and the confirming testimony of the latent fingerprint examiner provided adequate foundation for the admission of the fingerprint evidence. The victim testified that she did not know defendant and that he never had permission to be in her home. This evidence was legally sufficient to support the verdict (*see People v Addison, supra* at 782). Further, upon our independent weighing of the evidence, we discern no reason to set aside the jury's assessment of the evidence (*see People v Grey, supra* at 249-250). Defendant's related argument that the People failed to demonstrate an adequate chain of custody for the fingerprint lifts is belied by the record (*see generally People v Howard*, 305 AD2d 869, 870 [2003], *lv denied* 100 NY2d 583 [2003]; *People v Basciano*, 109 AD2d 945, 946 [1985]).

Finally, we turn to defendant's motion pursuant to CPL 440.10 and his contention that he did not receive the effective assistance of counsel. Since the alleged errors by counsel are not dependent upon nonrecord facts, Supreme Court properly decided the motion without a hearing (*see People v Satterfield*, 66 NY2d 796, 799 [1985]). Defendant contends that his attorney should have requested a pretrial hearing regarding the admissibility of the fingerprint evidence and obtained the services of a forensic expert to assist the defense. No viable basis has been shown for precluding the fingerprint evidence and the decision regarding an expert does not rise to the level of ineffective assistance under the circumstances of this case (*see People v Jurgensen*, 288 AD2d 937, 938 [2001], *lv denied* 97 NY2d 684 [2001]). Counsel pursued a strategy of attempting to discredit the fingerprint evidence through cross-examination and producing as a witness for the defense a neighbor who reported to police a person in the vicinity of the burglary who clearly did not fit defendant's description. "Hindsight disagreement with trial strategy or losing tactics must not be confused with true ineffectiveness of counsel" (*People v Demetsenare*, 14 AD3d 792, 793 [2005] [citation omitted]). Upon review of this record, it is apparent that defendant received the requisite meaningful representation (*see People v Henry*, 95 NY2d 563, 565-566 [2000]).

Cardona, P.J., Crew III, Spain and Mugglin, JJ., concur. Ordered that the judgment and order are affirmed.