■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. SHERMAN WALKER, Appellant, v BRUCE YELICH, as Superintendent of Bare Hill Correctional Facility, Respondent. [898 NYS2d 674]—

Appeal from a judgment of the Supreme Court (Feldstein, J.), entered June 8, 2009 in Franklin County, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.

In February 1992, petitioner was sentenced, as a second violent felony offender, to an aggregate prison term of 12½ to 25 years for his conviction of, among other things, robbery in the first degree. Also in February 1992, petitioner was sentenced as a second felony offender to a prison term of 7 to 14 years for his conviction of robbery in the second degree, with that sentence ordered to be served consecutive to "any other sentences now serving." Petitioner's sentences were calculated as running consecutively for an aggregate term of 19½ to 39 years. He commenced this CPLR article 70 proceeding to challenge that computation. Supreme Court denied petitioner's application, prompting this appeal.

We affirm. Petitioner's sole argument on this appeal is that the aggregate sentence stemming from his February 1992 convictions must be modified downward to 15 to 30 years pur-

suant to Penal Law § 70.30 (1) (e) (i). However, both robbery in the first degree and robbery in the second degree are classified as violent offenses (*see* Penal Law § 70.02 [1] [a], [b]) and robbery in the first degree is classified as a class B felony (*see* Penal Law § 160.15). Therefore, Penal Law § 70.30 (1) (e) (iv) is applicable here and, inasmuch as petitioner's aggregate sentence does not exceed 40 years, no modification is warranted. While petitioner contends that Penal Law § 70.30 (1) (e) (iv) was not in effect at the time he committed the crimes for which he was convicted, we note that substantially the same language was contained in Penal Law former § 70.30 (1) (c) (ii), enacted in 1983 (*see* L 1983, ch 199, § 1; *Matter of Pride v Goord*, 285 AD2d 766, 767 [2001]).

Mercure, J.P., Spain, Lahtinen, Kavanagh and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.