■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIKA'IL A. 'ABDUL-MALIK, Appellant.—Judgment unanimously affirmed. Memorandum: Whether defendant was so intoxicated as to be unable to form the requisite intent to commit murder in the second degree presented an issue of fact *(see, People v Danaher,* 115 AD2d 905, 906; *People v Shapiro,* 96 AD2d 626, 627). The jury's resolution of this issue in the

People's favor was supported by sufficient evidence and was not against the weight of the evidence.

We conclude that the trial court did not abuse its discretion in failing to conduct a hearing pursuant to CPL 730.30 (1) upon ascertaining through the presentence report that defendant had been hospitalized and diagnosed as having had a mental illness more than 20 years before the incident which resulted in the present charges against him *(see,* CPL 730.30; *People v Palmer,* 143 AD2d 469, 470-471, *lv denied* 73 NY2d 858; *People v Arnold,* 113 AD2d 101). The facts or events presented to the trial court did not "raise a bona fide doubt" concerning defendant's competency *(People v Harris,* 109 AD2d 351, 355, *lv denied* 66 NY2d 919; *see, People v Arnold, supra,* at 102). (Appeal from judgment of Supreme Court, Erie County, Marshall, J.—murder, second degree.) Present— Boomer, J. P., Green, Pine, Lawton and Davis, JJ.