■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN BLANCHE, Appellant. [644 NYS2d 114] —Judgment unanimously affirmed. Memorandum: A showup identification is permissible if it is not unduly suggestive and " 'if exigent circumstances require immediate identification [citations omitted], or if the suspects are captured at or near the crime scene and can be viewed by the witness immediately' " (*People v Johnson*, 81 NY2d 828, 831). Defendant contends that the showup procedure at the hospital was unduly suggestive. We disagree. The showup identification at the hospital was conducted within 15 to 20 minutes of commission of the crime (*see, People v Brnja*, 50 NY2d 366). Although the identification of defendant while he was handcuffed and in the presence of police officers "presses judicial tolerance to its limits", the record supports the finding that it was not unduly suggestive (*People v Duuvon*, 77 NY2d 541, 545; *see, People v Hendrick*, 192 AD2d 1100, *lv denied* 82 NY2d 755; *People v Hunt*, 187 AD2d 981, *lv denied* 81 NY2d 887; *People v Jones*, 149 AD2d

970, *lv denied* 74 NY2d 742). Finally, the sentence imposed is not unduly harsh or severe. (Appeal from Judgment of Supreme Court, Erie County, Feeman, Jr., J.—Assault, 2nd Degree.) Present—Denman, P. J., Pine, Fallon, Balio and Boehm, JJ.