■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES HAMILTON, Appellant. [681 NYS2d 117] —Carpinello, J. Appeal from a judgment of the Supreme Court (Harris, J.), rendered October 19, 1994 in Albany County, upon a verdict convicting defendant of the crimes of rape in the first degree (five counts), sodomy in the first degree (five counts), robbery in the first degree, burglary in the first degree (four counts), robbery in the second degree (two counts), burglary in the second degree, robbery in the third degree, sexual abuse in the first degree (three counts), criminal possession of stolen property in the fifth degree, attempted rape in the first degree, assault in the first degree and assault in the second degree (two counts).

On August 27, 1993, an Albany County Grand Jury handed down a 31-count indictment against defendant accusing him of committing a series of brutal rapes, sodomies, assaults and other crimes against seven women in the City of Albany between August 1991 and November 1992. Prior to trial, a hearing was conducted over several days to determine, *inter alia*, whether restriction fragment length polymorphism (hereinafter RFLP) DNA and polymerase chain reaction (hereinafter PCR) DNA evidence would be admissible at trial.[1] Although there was no dispute at the hearing that RFLP DNA testing was generally considered reliable in the scientific community (*see*, *People v Wesley*, 83 NY2d 417), defendant challenged the use of the more recently developed PCR DNA testing procedure. At the hearing, three experts testified for the People and agreed that PCR DNA testing is generally accepted in the scientific community as a reliable scientific procedure. Against the advice of counsel, and with a clear understanding of the implications thereof, defendant insisted on calling a DNA expert who also testified that PCR DNA testing is generally accepted in the scientific community as a reliable scientific procedure. Supreme

1. Certain evidence, such as blood and/or semen samples from the various crime scenes, was subjected to both RFLP and PCR DNA testing. In certain instances, however, there was an insufficient sample to employ the RFLP DNA procedure and in those cases only PCR DNA testing was performed.

Court ruled that the evidence was admissible subject to sufficient foundational showings by the People at trial concerning chain of custody.

After a jury trial, defendant was convicted of rape in the first degree (five counts), sodomy in the first degree (five counts), robbery in the first degree, burglary in the first degree (four counts), robbery in the second degree (two counts), burglary in the second degree, robbery in the third degree, sexual abuse in the first degree (three counts), criminal possession of stolen property in the fifth degree, attempted rape in the first degree, assault in the first degree and assault in the second degree (two counts). Supreme Court sentenced defendant to the longest permissible prison term as to each conviction and determined that each count should run consecutively to the extent permitted by law.[2] This appeal followed.

The sole issue raised on appeal, as limited by defendant's brief, is whether defendant's motion to suppress the PCR DNA evidence as unreliable should have been granted. Basing its analysis on *Frye v United States* (293 F 1013) and *People v Wesley* (83 NY2d 417, *supra*), Supreme Court found that the People had met their burden of establishing that PCR DNA testing in general, and that the procedures followed with regard to the evidence in this case in particular, were generally accepted as reliable within the relevant scientific community and allowed the evidence to be offered at trial subject to appropriate chain-of-custody evidence. In our view, this ruling was proper. Four experts, including one called by defendant, testified at the pretrial hearing and all four agreed that PCR DNA testing produces results that are generally relied upon by the scientific community (*see, People v Morales*, 227 AD2d 648, *lv denied* 89 NY2d 926; *People v Palumbo*, 162 Misc 2d 650).

Nevertheless, defendant argues that because Lifecodes Corporation (the laboratory that performed the DNA testing in this case) had only been performing the PCR DNA testing method for two years, evidence of those tests should have been precluded as unreliable and prejudicial. This argument, however, more accurately relates to *trial* issues of foundation and weight of the evidence (*see, People v Wesley, supra*, at 426-427). Viewing the argument in this light, we note that Michael

---

2. We note that Supreme Court, in sentencing defendant on the 18th count in the indictment, mistakenly stated that it was sentencing him on the 17th count (which had not been considered by the jury). Despite the misstatement, the correct sentence was imposed and defendant makes no challenge in that regard on appeal.

Baird, a geneticist and vice-president of laboratory operations for Lifecodes, testified extensively as to the controls, protocols and procedures employed in testing the subject samples using the AmpliType HLA-DQ Alpha DNA Typing kit. Moreover, Richard Cunningham, the senior forensic scientist who actually performed the tests for Lifecodes (and who had testified at the pretrial hearing that prior to the subject tests he had personally performed PCR DNA testing between 10 and 20 times), testified at trial that Lifecodes began performing PCR DNA testing in July 1992 and that he followed the proper protocol included in the AmpliType testing kit with respect to all the subject samples. Since defense counsel had ample opportunity to cross-examine both Cunningham and Baird as to their procedures, experience and proficiency regarding PCR DNA testing, we find insufficient reason to reverse on this ground.

Cardona, P. J., Peters, Spain and Graffeo, JJ., concur. Ordered that the judgment is affirmed.