■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TONY HALL, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ONEIL BROWN, Appellant. [700 NYS2d 105] —Judgments, Supreme Court, Bronx County (Ira Globerman, J.), rendered July 24, 1997 and August 27, 1997, respectively, convicting defendants, after a jury trial, of attempted murder in the second degree, attempted rape in the first degree, burglary in the first degree, robbery in the first degree, assault in the first degree, sexual abuse in the first degree, assault in the second degree and endangering the welfare of a child, and sentencing defendant Hall to an aggregate term of 16 to 48 years, and sentencing defendant Brown to an aggregate term of 22 to 56 years, unanimously affirmed.

Defendants' various challenges to the court's circumstantial evidence charge are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find that, when viewed as a whole, the charge was balanced and conveyed the appropriate legal principles (see, *People v Fields*, 87 NY2d 821; *People v Adams*, 69 NY2d 805).

In light of rulings from courts of this as well as other States, concluding that the polymerase-chain-reaction (PCR) method of DNA testing is generally accepted as reliable, the court

properly admitted such evidence without first conducting a hearing (*see, People v Morales*, 227 AD2d 648, *lv denied* 89 NY2d 926; *People v Hamilton*, 255 AD2d 693, *lv denied* 92 NY2d 1032). There was no need for a hearing to test the reliability of the statistical methods used to estimate how many people in the population share the DNA profile developed by the PCR method since any such objections went to the weight of the evidence, a matter for resolution by the jury (*People v Wesley*, 83 NY2d 417). Defendant Brown has failed to preserve his additional contention that the People failed to lay a proper foundation for the specific evidence in this case, and we decline to review it in the interest of justice. Were we to review this claim, we would reject it (*see, supra*).

The court properly exercised its discretion in admitting evidence that, prior to the incident, defendant Hall was seen in possession of a gun resembling the one used in the incident since such testimony was relevant to establish identity and since its probative value outweighed any prejudicial effect (*see, People v Del Vermo*, 192 NY 470, 478-482; *see also, People v Mirenda*, 23 NY2d 439, 452-454). In any event, any undue prejudice was avoided by the court's limiting instructions.

Since the court sustained defendant Hall's objection and struck the testimony of the complainant concerning her husband having previously seen Hall selling drugs, and issued a curative instruction, following which Hall requested no further relief, Hall's current contentions in this regard have not been preserved for appellate review (*People v Medina*, 53 NY2d 951), and we decline to review them in the interest of justice. Were we to review such claims, we would find that the fleeting testimony, inadvertently elicited on cross-examination, did not deprive Hall of a fair trial since the jury is presumed to have followed the court's instructions (*see, People v Coursey*, 250 AD2d 351, *lv denied* 92 NY2d 850).

The court also properly exercised its discretion in precluding defendant Hall from attempting to impeach his own witness, since he failed to satisfy the requirements of CPL 60.35. To the extent that Hall is raising a constitutional claim, such claim is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would reject it. Concur—Sullivan, J. P., Tom, Rubin, Andrias and Buckley, JJ.