■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v QI ZHONG LIN, Appellant. [699 NYS2d 294] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Finnegan, J.), rendered March 11, 1997, convicting him of kidnapping in the first degree (three counts), rape in the first degree (12 counts), sodomy in the first degree, sexual abuse in the first degree (two counts), assault in the second degree, attempted grand larceny in the second degree, grand larceny in the fourth degree, and criminal possession of computer related material, upon a jury verdict, and sentencing him to concurrent indeterminate terms of 25 years to life imprisonment on each conviction of kidnapping in the first degree, $3^{1/2}$ to 7 years imprisonment on the conviction of sexual abuse in the first degree under count 18 of the indictment, and 1 to 3 years imprisonment on the convictions of attempted grand larceny in the second degree, grand larceny in the fourth degree, and criminal possession of computer related material, and indeterminate terms of $12^{1/2}$ to 25 years imprisonment on each conviction of rape in the first degree and sodomy in the first degree, and $3^{1/2}$ to 7 years imprisonment on the convictions of sexual abuse in the first degree under the 17th count of the indictment, and assault in the second degree, to run consecutively with each other and the other sentences imposed.

Ordered that the judgment is modified, on the law, by providing that the term of imprisonment imposed on the conviction of assault in the second degree shall run concurrently with the terms of imprisonment imposed on the convictions of kidnapping in the first degree; as so modified, the judgment is affirmed.

Viewing the evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

The Supreme Court properly rejected the defendant's request for a hearing pursuant to Frye v United States (293 F 1013) to

determine the admissibility of expert testimony concerning the polymerase chain-reaction method (hereinafter the PCR method) of DNA testing. The reliability of the PCR method has gained general acceptance in the scientific community (*see,* *People v Morales,* 227 AD2d 648; *People v Garcia,* 190 AD2d 749).

The defendant's convictions of assault in the second degree and kidnapping in the first degree were based on offenses committed through a single act. Thus, the Supreme Court should have made the term of imprisonment imposed on the conviction of assault in the second degree run concurrently with the terms of imprisonment imposed on the convictions of kidnapping in the first degree (*see,* Penal Law § 70.25 [2]; *People v Ahedo,* 229 AD2d 588).

The defendant's sentence is not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are without merit. S. Miller, J. P., Altman, Schmidt and Smith, JJ., concur.