■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY W. LOCKWOOD, Appellant. [705 NYS2d 767] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment of County Court convicting him upon a jury verdict

of robbery in the second degree (Penal Law § 160.10 [2] [a]). Defendant moved to suppress the identification testimony of the victim on the ground that the showup identification procedure was improper. The court properly denied the motion. The showup identification procedure was conducted less than a half hour after the incident and defendant was transported only a block and a half from the point where he was taken into custody (*see, People v Ortiz,* 90 NY2d 533, 537; *People v Clark,* 262 AD2d 1051, *lv denied* 93 NY2d 1016; *People v Woods,* 238 AD2d 900, *lv denied* 90 NY2d 912). Although the identification procedure employed, displaying defendant to the victim in handcuffs in the back seat of a patrol car, "presses judicial tolerance to its limits" (*People v Duuvon,* 77 NY2d 541, 545), the procedure was justified in the interest of prompt identification (*see, People v Blanche,* 227 AD2d 935, *affd* 90 NY2d 821).

Contrary to defendant's contention, the evidence of physical injury is legally sufficient to support the conviction (*see, People v Bleakley,* 69 NY2d 490, 495). The victim testified that defendant punched him repeatedly in the face and kicked at his legs until the victim fell to the ground. While the victim was on the ground, curled into a fetal position to protect his face, defendant kicked him in the head and body 15 to 20 times. His face was black and blue from his forehead to his chin, his eyes were partially swollen shut, and his nose and lips were swollen for two weeks. The victim experienced continuing pain in his right side from the repeated kicks. Although he did not seek immediate medical attention, he did so a week and a half after the incident because of continued problems. That evidence, viewed in the light most favorable to the People (*see, People v Malizia,* 62 NY2d 755, 757, *cert denied* 469 US 932), is legally sufficient to establish that the victim sustained a physical injury (*see, People v Clarke,* 250 AD2d 619, *lv denied* 92 NY2d 924; *People v Morales,* 245 AD2d 467, *lv denied* 92 NY2d 902; *cf., People v DiStefano,* 252 AD2d 530, *lv denied* 92 NY2d 1031). The sentence is neither unduly harsh nor severe. (Appeal from Judgment of Niagara County Court, Hannigan, J.—Robbery, 2nd Degree.) Present—Pigott, Jr., P. J., Pine, Wisner and Scudder, JJ.