■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL E. HOLT, Appellant. (Appeal No. 1.) [706 NYS2d 660] —Judgment unanimously affirmed. Memorandum: We reject

the contention of defendant that he was denied effective assistance of counsel. "[T]he evidence, the law, and the circumstances of [this] case, viewed in totality and as of the time of the representation," establish that defendant received effective assistance of counsel (*People v Baldi*, 54 NY2d 137, 147). Defendant's third assigned counsel secured a favorable plea bargain, which was further reduced from the original offer, and defendant pleaded guilty following the filing of motions by his third attorney.

Because defendant pleaded guilty before trial, he was not entitled to *Rosario* material (*see,* CPL 240.45 [1]; *see also, People v Anderson*, 66 NY2d 529, 541-542; *People v Pepe*, 259 AD2d 949, 950, *lv denied* 93 NY2d 1024), and by his plea forfeited appellate review of any alleged *Rosario* violation (*see, People v Knickerbocker*, 230 AD2d 753, *lv denied* 89 NY2d 943; *see also, People v Agyman*, 204 AD2d 731).

By pleading guilty, defendant waived any contention that his statutory right to a speedy trial was violated (*see, People v Melito*, 221 AD2d 1024). Additionally, the contention that defendant was denied his constitutional right to a speedy trial is unpreserved for our review because defendant failed to specify that claim in his notice of omnibus motion or affidavit (*see, People v Lieberman*, 47 NY2d 931, 932-933; *see also, People v Cedeno*, 52 NY2d 847). Were we to reach the merits of that contention, we would conclude that defendant was not denied his constitutional right to a speedy trial. Balancing the five relevant factors set forth in *People v Taranovich* (37 NY2d 442, 445), we conclude that only the factor regarding extended pretrial incarceration weighs in his favor; it is outweighed by the other factors. (Appeal from Judgment of Ontario County Court, Sirkin, J.—Criminal Possession Controlled Substance, 3rd Degree.) Present—Green, J. P., Pine, Hayes and Kehoe, JJ.