■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN BELL, Appellant. [706 NYS2d 651] —Judgment unanimously affirmed. Memorandum: Supreme Court properly denied the motion of defendant to suppress his statement to the police, tangible evidence seized by the police at the time of his arrest and the complainants' identification testimony. The police had reasonable suspicion to stop and detain defendant, who matched the detailed descriptions provided by witnesses and was observed in temporal and geographical proximity to the burglaries (*see, People v Private*, 259 AD2d 504; *People v Erazo*, 256 AD2d 16, 17, *lv denied* 92 NY2d 1048). The fact that the police were apprehending defendant at gunpoint when one of the complainants spontaneously identified him does not render that identification unduly suggestive (*see, People v Erazo, supra*, at 17; *People v Miles*, 203 AD2d 620, 621, *lv denied* 84 NY2d 909, 85 NY2d 912). Once that complainant identified defendant, the police had probable cause to arrest defendant (*see, People v Muldrow*, 222 AD2d 1076, *lv denied* 88 NY2d 882).

The sentence is neither unduly harsh nor severe. (Appeal from Judgment of Supreme Court, Monroe County, Mark, J.—Burglary, 1st Degree.) Present—Green, J. P., Pine, Hayes and Kehoe, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL E. HOLT, Appellant. (Appeal No. 2.) [706 NYS2d 661] —Judgment unanimously affirmed. Same Memorandum as in *People v Holt* (270 AD2d 914 [decided herewith]). (Appeal from Judgment of Ontario County Court, Sirkin, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Green, J. P., Pine, Hayes and Kehoe, JJ.