■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAURICIO RAMIREZ, Appellant. [719 NYS2d 435] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him following a jury trial of burglary in the first degree (Penal Law § 140.30 [3]), petit larceny (Penal Law § 155.25), and unauthorized use of a vehicle in the first degree (Penal Law § 165.08). He contends that the burglary conviction is not supported by legally sufficient evidence that he intended to commit a crime within the dwelling of the victim. We disagree. Intent may be inferred from the circumstances of the entry (*see, People v Gaines,* 74 NY2d 358, 362, n 1; *People v Barnes,* 50 NY2d 375, 381). We reject defendant's further contention that the verdict is against the weight of the evidence because he established that he was too intoxicated to form the intent to commit a crime. The conflicting testimony concerning the extent of defendant's intoxication presented a credibility issue for the jury (*see, People v Jackson,* 269 AD2d 867, *lv denied* 95 NY2d 798; *People v Abdul-Malik,* 156 AD2d 1023, *lv denied* 75 NY2d 866).

The showup identification held at the crime scene within 25 minutes of the burglary was permissible in the interest of prompt identification (*see, People v Duuvon,* 77 NY2d 541, 545; *People v Jolley,* 270 AD2d 955, *lv denied* 95 NY2d 854; *People v Lockwood,* 270 AD2d 848, 849, *lv denied* 94 NY2d 949). The sentence is neither unduly harsh nor severe. (Appeal from Judgment of Oneida County Court, Dwyer, J.—Burglary, 1st Degree.) Present—Pigott, Jr., P. J., Green, Hurlbutt, Scudder and Kehoe, JJ.