◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILBERTO FONTANEZ, Appellant. [718 NYS2d 541] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him after a jury trial of three counts of rape in the first degree (Penal Law § 130.35 [1]), four counts of sexual abuse in the first degree (Penal Law § 130.65 [1], [3]), and other crimes. County Court properly denied defendant's motion to suppress the showup identifications of defendant by a victim and two witnesses. Defendant was apprehended a

short distance from the scene of the crime, and the police conducted the showup with one witness within 10 minutes of the crime and conducted the other two showups within one-half hour of the crime (*see, People v Ortiz,* 90 NY2d 533, 537; *People v Lockwood,* 270 AD2d 848, 849, *lv denied* 94 NY2d 949). Although during the last two showups defendant was identified while wearing handcuffs, the evidence supports the determination of the suppression court that the identification procedure was not unduly suggestive (*see, People v Duuvon,* 77 NY2d 541, 545; *People v Sanabria,* 266 AD2d 41, *lv denied* 94 NY2d 884; *People v Hendrick,* 192 AD2d 1100, 1101, *lv denied* 82 NY2d 755). The court properly denied defendant's request to suppress the in-court identification of any victim who had viewed defendant's photograph in the newspaper or on television, or to require the People to establish that those victims had an independent basis for their identifications. The victims' pretrial identifications of defendant from that photograph were not police-arranged procedures (*see, People v Morales,* 228 AD2d 704, *lv denied* 88 NY2d 1070).

We reject the contention of defendant that the police lacked probable cause to arrest him. The police had reasonable suspicion to stop and detain defendant, who matched the description of the perpetrator and was observed a short distance from the crime scene (*see, People v Bell,* 270 AD2d 916, *lv denied* 95 NY2d 793; *see generally, People v De Bour,* 40 NY2d 210, 223). Within minutes, one of the witnesses positively identified defendant, thus providing the police with probable cause to arrest defendant (*see, People v Bell, supra; see generally, People v De Bour, supra,* at 223). We reject the further contention of defendant that his statement to the police should have been suppressed because four hours elapsed between the time of his *Miranda* warnings and the time of his statement (*see, People v Baker,* 208 AD2d 758, *lv denied* 85 NY2d 905). Once *Miranda* warnings are issued to a person in police custody and that person voluntarily and intelligently waives his or her rights, repeated warnings are not necessary as long as questioning occurs within a reasonable time and the custody has remained continuous (*see, People v Kemp,* 266 AD2d 887, *lv denied* 94 NY2d 921; *People v Stanton,* 162 AD2d 987, *lv denied* 76 NY2d 991). Despite defendant's protestations to the contrary, the record establishes that defendant was able to read the statement that he gave to the police. The fact that the police officer read the statement aloud to defendant upon defendant's request does not establish that defendant's mental capacity was impaired.

The court properly denied defendant's motion to sever the

10-count indictment and grant six separate trials, one for each victim. The offenses were joinable under CPL 200.20 (2) (b) because evidence of one offense would be material and admissible as evidence-in-chief of intent upon the trial of each remaining offense (*see, People v Moore,* 275 AD2d 969; *People v Flowers,* 245 AD2d 1088, *lv denied* 91 NY2d 972; *People v Chapman,* 145 AD2d 642, 643, *lv denied* 73 NY2d 1012). Once the offenses were properly joined, "the court lacked statutory authority to sever" (*People v Bongarzone,* 69 NY2d 892, 895; *see, People v Lane,* 56 NY2d 1, 7). In any event, the offenses also were "the same or similar in law" (CPL 200.20 [2] [c]), and defendant failed to show good cause for severance (*see,* CPL 200.20 [3]; *People v Marengo,* 276 AD2d 358; *People v Chancy,* 271 AD2d 355, *lv denied* 95 NY2d 851; *People v Jones,* 236 AD2d 846, *lv denied* 90 NY2d 859).

The court properly denied defendant's request for a *Frye* hearing (*Frye v United States,* 293 F 1013) to determine the admissibility of expert testimony concerning the polymerase chain reaction (PCR) method of DNA testing. "The reliability of the PCR method has gained general acceptance in the scientific community" (*People v Qi Zhong Lin,* 267 AD2d 256, 257, *lv denied* 94 NY2d 951; *see, People v Hall,* 266 AD2d 160, 160-161, *lv denied* 94 NY2d 948; *People v Hamilton,* 255 AD2d 693, 694, *lv denied* 92 NY2d 1032). Finally, in light of the heinous nature of the offenses, the sentence is neither unduly harsh nor severe. (Appeal from Judgment of Monroe County Court, Bristol, J.—Rape, 1st Degree.) Present—Pigott, Jr., P. J., Hayes, Wisner, Scudder and Lawton, JJ.