■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NORBERT JACKSON, Appellant. [723 NYS2d 771] —Judgment unanimously affirmed. Memorandum: Defendant was convicted upon a jury verdict of two counts of robbery in the first degree

(Penal Law § 160.15 [4]), and one count each of burglary in the first degree (Penal Law § 140.30 [1]) and criminal possession of a weapon in the second degree (Penal Law former § 265.03), arising out of a home-invasion robbery. In response to a radio dispatch of a burglary in progress, a police officer arrived at the scene, where he observed a masked man armed with a gun inside the house. The masked man then fled. Following a foot chase, defendant was arrested by the officer a short distance away. Approximately one hour after his arrest, defendant was brought back to the scene of the crime, where two of the victims identified defendant by his clothing. At trial, one of those two victims testified that she could not identify defendant at two subsequent showups because he was not wearing the same clothes. Defendant contends that the failure of the witness to identify him at the two subsequent showups constitutes *Brady* material and that the judgment of conviction must be reversed because the District Attorney failed to give him timely notice of that *Brady* material. We disagree. Even assuming, arguendo, that the witness's failure to identify defendant on the subsequent occasions when defendant was wearing different clothing meets the *Brady* requirement that the material be exculpatory, we nevertheless conclude that defendant would not be entitled to a new trial based on that alleged violation. " '[W]hile the People unquestionably have a duty to disclose exculpatory material in their control,' a defendant's constitutional right to a fair trial is not violated when, as here, he is given a meaningful opportunity to use the allegedly exculpatory material to cross-examine the People's witness[ ] or as evidence during his case" (*People v Cortijo*, 70 NY2d 868, 870; *see, People v Kelly*, 270 AD2d 511, 514, *lv denied* 95 NY2d 854; *People v Tillman*, 261 AD2d 854, 854-855, *lv denied* 93 NY2d 980).

There is also no merit to defendant's contentions in the *pro se* supplemental brief. County Court properly determined that the police officer had probable cause to believe that defendant had committed a crime in his presence and to arrest defendant a short distance from the scene of the crime following a brief chase (*see,* CPL 140.10 [1]; *see generally, People v De Bour*, 40 NY2d 210, 223). The court also properly determined that the showup identification procedure was not unduly suggestive. Defendant was apprehended a short distance from the scene of the crime, and the police conducted the showup within approximately one hour of the crime (*see, People v Ortiz*, 90 NY2d 533, 537; *People v Fontanez*, 278 AD2d 933; *People v Lockwood*, 270 AD2d 848, 849, *lv denied* 94 NY2d 949). Although defendant was handcuffed and standing between two police officers

during the showup, the record supports the determination of the suppression court that the identification procedure was not unduly suggestive (*see, People v Duuvon,* 77 NY2d 541, 545; *People v Fontanez, supra; People v Sanabria,* 266 AD2d 41, *lv denied* 94 NY2d 884). (Appeal from Judgment of Monroe County Court, Bristol, J.—Burglary, 1st Degree.) Present— Pigott, Jr., P. J., Wisner, Hurlbutt, Kehoe and Lawton, JJ.