■■■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v BRUCE JANSEN, Respondent. [735 NYS2d 845] —Judgment unanimously affirmed. Memorandum: Defendant was convicted following a bench trial of course of sexual conduct against a child in the first degree (Penal Law § 130.75 [former (a)]) arising out of his conduct with the seven-year-old daughter of his girlfriend. Defendant contends that the judgment of conviction must be reversed because the People committed a *Brady* violation by deliberately failing to disclose the minutes of the infant victim's Grand Jury testimony in a timely manner. " 'While the People unquestionably have a duty to disclose exculpatory material in their control,' a defendant's constitutional right to a fair trial is not violated when, as here, he is given a meaningful opportunity to use the allegedly exculpatory material to cross examine the People's witness[ ] or as evidence during his case" (*People v Cortijo,* 70 NY2d 868, 870; *see, People v Jackson,* 281 AD2d 906, 907). Thus, reversal is not required. We further reject defendant's contention that the prosecutor's legal instructions given to the Grand Jury impaired the integrity of the Grand Jury proceedings (*see, People v Calbud, Inc.,* 49 NY2d

389, 394-395). Finally, defendant contends that this Court denied him due process by denying his motion to allow his appellate counsel access to the Grand Jury minutes. Defendant, however, may not appeal from the previous order of this Court denying that motion, nor may he reargue the merits of that motion on this appeal. (Appeal from Judgment of Monroe County Court, Connell, J.—Course of Sexual Conduct against Child, 1st Degree.) Present—Green, J. P., Kehoe, Burns, Gorski and Lawton, JJ.