■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDERICK E. WALKER, Appellant. [738 NYS2d 788] —Appeal from a judgment of Supreme Court, Monroe County (Sirkin, J.), entered January 13, 2000, convicting defendant after a jury trial of, inter alia, robbery in the first degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, two counts each of robbery in the first degree (Penal Law § 160.15 [1], [3]), assault in the first degree (Penal Law § 120.10 [1], [4]) and attempted robbery in the second degree (Penal Law §§ 110.00, 160.10 [1], [2] [b]). He was sentenced as a persistent violent felony offender to indeterminate terms of incarceration, the longest of which is 25 years to life. We reject defendant's contention that the two showup procedures were unduly suggestive. The showups occurred in geographic and temporal proximity to the crime scenes (*see, People v Ortiz*, 90 NY2d 533, 537; *People v Hughes*, 287 AD2d 872, 875, *lv denied* 97 NY2d 656). Defendant failed to meet his "ultimate burden of proving that the [showup] procedure[s were] unduly suggestive" (*People v Chipp*, 75 NY2d 327, 335, *cert denied* 498 US 833). Furthermore, the second showup related to the attempted robbery of the liquor store while the first showup related to the robbery of the deli, and thus the second showup was not merely cumulative to the first (*cf., People v Rayford*, 158 AD2d 482, 484).

Contrary to the contention of defendant in the pro se supplemental brief, the evidence identifying him as the perpetrator of the first robbery and the evidence of intent with respect to the second robbery is legally sufficient (*see generally, People v Bleakley*, 69 NY2d 490, 495). Finally, we reject the further contention of defendant in the pro se supplemental brief that he was unlawfully detained by the police. Defendant matched the description of the suspect that was broadcast and was observed a short distance from the crime scene with a shotgun, and thus the police had the requisite reasonable suspicion to stop and detain defendant (*see, People v Fontanez*, 278 AD2d 933, 934, *lv denied* 96 NY2d 862; *People v Bell*, 270 AD2d 916, *lv denied* 95 NY2d 793). Present—Pigott, Jr., P.J., Pine, Scudder, Burns and Gorski, JJ.