THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EARL REYES, Appellant. [881 NYS2d 36]—

Judgment, Supreme Court, New York County (William A. Wetzel, J., at suppression hearing; Michael J. Obus, J., at jury trial and sentence), rendered December 14, 2007, convicting defendant of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.

The court properly denied defendant's motion to suppress a statement. After arresting defendant for a homicide involving a firearm, but prior to giving him *Miranda* warnings, the police asked defendant the location of the weapon. Defendant gestured toward a bookcase, where the police found a revolver whose cylinder was missing. The officer asked defendant the whereabouts of the cylinder, and defendant said he threw it out the window. Defendant concedes that the question about the weapon was permissible under the public safety exception to the requirement of *Miranda* warnings (*see New York v Quarles*, 467 US

649 [1984]), but argues that once the inoperable weapon was located there was no longer any safety concern warranting the question about the cylinder. However, we conclude that this simple follow-up question was prompted by objectively reasonable safety concerns, particularly since other people were in the apartment. The police needed to determine whether this evidently inoperable weapon was actually the weapon used in the homicide, or whether another weapon was present. In addition, there were foreseeable circumstances under which a detached, but loaded cylinder could be dangerous. In any event, any error in admitting defendant's response that he discarded the cylinder was harmless (*see People v Crimmins*, 36 NY2d 230 [1975]). At trial there was no question that defendant possessed a firearm; defendant, who asserted a justification defense, testified that he shot the victim. Although the trial prosecutor argued that defendant's disposal of the cylinder evinced a consciousness of guilt, that argument added little or nothing to the prosecution's case, and the dismantled weapon itself formed a basis for the argument even without the challenged statement.

When defendant, after consulting with but rejecting the advice of his attorney, personally made the decision to forgo submission of any lesser included offenses, "this did not constitute self-representation requiring the court to warn him of the risks of proceeding pro se" (*People v Blak*, 6 AD3d 301, 302 [2004], *lv denied* 3 NY3d 637 [2004]). Although such a strategic decision is normally made by counsel, it does not follow that when counsel acceded to his client's wish, defendant was then effectively proceeding pro se. Defendant was still represented by counsel, whose advice he chose to reject. Defendant's participation in the trial, consisting only of making a particular decision, was less than that of the defendant in *People v Cabassa* (79 NY2d 722, 730-731 [1992], *cert denied sub nom. Lind v New York*, 506 US 1011 [1992]) who delivered his own summation but was held not to have relinquished the right to counsel. Finally, although we do not decide that such a colloquy was necessary, we note that the court engaged in a thorough inquiry into defendant's understanding of the consequences of forgoing any submission of lesser included offenses.

Defendant's ineffective assistance of counsel claim is unreviewable on direct appeal because it involves matters outside the record concerning counsel's summation strategy and any consultations he may have had with defendant concerning that strategy (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). On the existing record, to the extent

it permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). Concur—McGuire, J.P., Acosta, DeGrasse, Richter and Abdus-Salaam, JJ.