■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JARQUELL WILLIAMS, Appellant. [932 NYS2d 256]—

McCarthy, J.

During the course of an investigation into a burglary, a detective obtained a statement from a neighbor identifying defendant as one of a group of three people seen going toward the burgled apartment during the relevant time. The neighbor knew defendant by first name and selected his picture from a photo array. The detective notified a patrol officer that he was looking for defendant in connection with a burglary. The officer saw defendant and stopped him on the street. Defendant talked with the officer and his partner for a short time, but when they attempted to handcuff defendant he pushed away from them and ran. Following a foot pursuit by several officers, one officer tackled defendant, who struggled and elbowed the officer in the face.

Defendant was charged with burglary in the second degree, assault in the second degree and resisting arrest. Following trial, a jury acquitted him of burglary but convicted him of the other two charges. Supreme Court sentenced defendant, as a second felony offender, to five years in prison followed by five years of postrelease supervision for the assault conviction and a concurrent one year term for the resisting arrest conviction. Defendant appeals.

Supreme Court properly denied defendant's motion to suppress his oral statements. Defendant asserts that he was beaten by police, was not permitted to see a lawyer or his mother despite asking for them,* and his statements were not knowingly or voluntarily made. A suppression ruling must be based upon the evidence elicited at the suppression hearing; defendant's assertions, however, are mainly based on evidence that was not elicited until trial. Defendant presented no case at the hearing and the People's evidence established that one of defendant's statements was made spontaneously and the others were made after he knowingly and voluntarily waived his rights. Thus, defendant was not entitled to suppression of his statements (*see People v Marx*, 305 AD2d 726, 727-728 [2003], *lv denied* 100 NY2d 596 [2003]).

Probable cause existed to arrest defendant for burglary, thereby establishing that the police were effecting a valid arrest—a necessary element of assault in the second degree and resisting arrest (*see* Penal Law § 120.05 [3]; § 205.30). Probable cause does not require proof "beyond a reasonable doubt but merely information sufficient to support a reasonable belief that

---

* Defendant was 22 years old at the time of the burglary.

an offense has been . . . committed" by the person being arrested (*People v Bigelow*, 66 NY2d 417, 423 [1985]; *see People v Shulman*, 6 NY3d 1, 25 [2005], *cert denied* 547 US 1043 [2006]). Here, the detective obtained a statement from the property owner indicating that her back door was broken and several items of her personal property were missing when she returned to her apartment. No one had permission to be in the apartment or take the property. The downstairs neighbor spoke with the detective and supplied a written statement indicating that he saw three individuals going up the stairs to the burgled apartment during the relevant time period, he heard a loud bang and noises inside the apartment, then the individuals left. He identified one of the individuals by the name "Jarquell," a person who he believed lived next door to him. The neighbor then picked defendant's picture out of a photo array as one of the individuals that he had seen on the stairs to the burgled apartment. Based upon this information, the police had probable cause to believe that the crime of burglary had been committed by defendant (*see People v Bruno*, 47 AD3d 1064, 1066 [2008], *lv denied* 10 NY3d 809 [2008]; *People v Bell*, 270 AD2d 916 [2000], *lv denied* 95 NY2d 793 [2000]; *People v Irving*, 107 AD2d 944, 945 [1985]). Thus, they were authorized to arrest him for that crime. "[I]n light of the lower threshold of proof necessary to establish probable cause for an arrest than proof beyond a reasonable doubt, which is the People's ultimate burden at trial," it is irrelevant that a jury later acquitted defendant of burglary (*People v Lepard*, 83 AD3d 1214, 1216 [2011]; *see People v Laltoo*, 22 AD3d 230 [2005]). Defendant's guilt of assault in the second degree and resisting arrest was established by proof that he resisted a valid arrest and injured an officer who was attempting to assist in effecting the arrest.

Defendant argues that the People violated his rights by mentioning uncharged prior bad acts. This issue is unpreserved because he failed to object at trial and, in one instance, his counsel—not the People—introduced evidence of defendant's prior criminal actions (*see People v Echavarria*, 53 AD3d 859, 863 [2008], *lv denied* 11 NY3d 832 [2008]). Defendant's contentions about errors in the presentence investigation report are unpreserved because no such errors were brought to Supreme Court's attention (*see People v Swartz*, 23 AD3d 917, 918 [2005], *lv denied* 6 NY3d 818 [2006]; *People v Moquette*, 200 AD2d 854 [1994], *lv denied* 83 NY2d 874 [1994]). Considering the injuries that defendant inflicted upon a police officer in his violent struggle to avoid apprehension, the sentence was not harsh or excessive.

Peters, J.P., Rose, Lahtinen and Garry, JJ., concur. Ordered that the judgment is affirmed.