# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1359
KA 10-01601
PRESENT: FAHEY, J.P., PERADOTTO, LINDLEY, GREEN, AND GORSKI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

BRIAN BORDEN, DEFENDANT-APPELLANT.

---

PATRICIA M. MCGRATH, LOCKPORT, FOR DEFENDANT-APPELLANT.

MICHAEL J. VIOLANTE, DISTRICT ATTORNEY, LOCKPORT (THOMAS H. BRANDT OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Niagara County Court (Matthew J. Murphy, III, J.), rendered July 14, 2010. The judgment convicted defendant, upon a jury verdict, of criminal sexual act in the first degree (three counts), predatory sexual assault (two counts), attempted rape in the first degree and robbery in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of, inter alia, three counts of criminal sexual act in the first degree (Penal Law § 130.50 [1]), arising from his sexual assault of a woman whom he grabbed off the street and dragged into an alley. We reject defendant's contention that County Court erred in denying his motion for a mistrial based on the testimony of a police detective at trial that defendant asked for an attorney when questioned by the police. Although that testimony was improper, it is clear from the record that it was not intentionally elicited by the prosecutor (*cf. People v Morrice*, 61 AD3d 1390, 1391). In addition, the court promptly sustained defense counsel's objections and gave appropriate curative instructions. Under the circumstances of this case, we conclude that the court's curative instructions were sufficient to alleviate any prejudice to defendant as a result of the detective's unsolicited testimony (*see People v Pierre*, 37 AD3d 1172, *lv denied* 8 NY3d 989; *see also People v Nicholas*, 286 AD2d 861, 862, *affd* 98 NY2d 749; *People v Clark*, 281 AD2d 947, *lv denied* 96 NY2d 860).

Defendant's further contention that he was denied a fair trial based on the prosecutor's comment during summation regarding the failure of defendant to testify is not preserved for our review, inasmuch as defense counsel requested either a mistrial or a curative instruction with respect to that comment and made no further objection

when the requested instruction was given.  "Under [those] circumstances, the curative instruction[] must be deemed to have corrected the error to the defendant's satisfaction" (*People v Heide*, 84 NY2d 943, 944).

Finally, we reject defendant's contention that the court erred in failing to conduct a *Frye* hearing concerning the admissibility of the DNA results obtained through the "AmpFISTR MiniFiler PCR Amplification Kit for DNA Analysis" (hereafter, MiniFiler test).  Prior to trial, the court held a hearing at which a DNA expert called by the People testified without contradiction that the MiniFiler test is simply a more advanced form of traditional polymerase chain reaction/short tandem repeat testing, which this Court and others have long recognized as having gained general acceptance in the scientific community (*see People v Fontanez*, 278 AD2d 933, 935, *lv denied* 96 NY2d 862; *People v Hall*, 266 AD2d 160, *lv denied* 94 NY2d 901, 948; *People v Hamilton*, 255 AD2d 693, 694, *lv denied* 92 NY2d 1032).  In addition, the court properly determined that defendant's challenges to the results of the MiniFiler test went to the weight of that evidence, not its admissibility (*see generally People v Wesley*, 83 NY2d 417, 429; *People v Hayes*, 33 AD3d 403, 404, *lv denied* 7 NY3d 902).

Entered:  December 30, 2011                    Frances E. Cafarell
                                               Clerk of the Court