■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KASIB SHAMSIDDEEN, Also Known as KASID SHAMSIDDEEN, Also Known as TITUS SHAMSIDDEEN, Appellant. [949 NYS2d 783]—

Appeal by the defendant from a judgment of the County Court, Dutchess County (Hayes, J.), rendered February 22, 2010, convicting him of criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the verdict was repugnant because the jury found him guilty of criminal possession of a weapon in the second degree under Penal Law § 265.03 (1) (b) while acquitting him of murder in the second degree under Penal Law § 125.25 (1) is unpreserved for appellate review, as he failed to raise this issue before the jury was discharged (see People v Alfaro, 66 NY2d 985, 987 [1985]; People v Tharpe, 92 AD3d 701, 702 [2012]). In any event, viewing the elements of the offenses as charged to the jury (see People v Tucker, 55 NY2d 1, 7 [1981]), the acquittal on the count of murder in the second degree did not negate any of the elements of criminal possession of a weapon in the second degree under Penal Law § 265.03 (1) (b) (see People v Brown, 38 AD3d 676, 677 [2007]; People v Gatling, 222 AD2d 606, 606 [1995]).

The defendant's contention that the evidence was legally insufficient to support his convictions of criminal possession of a weapon in the second degree under Penal Law § 265.03 (1) (b) and (3) is unpreserved for appellate review (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484 [2008]; People v Hewitt, 82 AD3d 1119, 1121 [2011]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt of both counts of criminal possession of a weapon in the second degree beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).

The record does not support the defendant's contention that he was deprived of the effective assistance of counsel under the United States and New York Constitutions (see Strickland v Washington, 466 US 668 [1984]; People v Benevento, 91 NY2d 708, 713 [1998]; People v Baldi, 54 NY2d 137, 147 [1981]). Contrary to the defendant's contention, defense counsel's failure to request that the County Court charge the jury that temporary

and lawful possession of a firearm was a defense to criminal possession of a weapon in the second degree did not constitute ineffective assistance of counsel under the particular facts of this case. Viewing the evidence in the light most favorable to the defendant (*see People v Steele*, 26 NY2d 526, 529 [1970]), there was no reasonable view of the evidence under which such a charge was warranted (*see People v Dickson*, 58 AD3d 1016, 1017-1018 [2009]). Angiolillo, J.P., Dickerson, Leventhal and Chambers, JJ., concur.