The defendant’s contention that the verdict was repugnant because the jury found him guilty of criminal possession of a weapon in the second degree while acquitting him of attempted robbery in the first degree is unpreserved for appellate review, as he failed to raise this issue before the jury was discharged (see People v Alfaro, 66 NY2d 985, 987 [1985]; People v Shamsiddeen, 98 AD3d 694 [2012]; People v Ariza, 77 AD3d 844, 845-846 [2010]; People v Hall, 56 AD3d 798 [2008]). In any event, viewing the elements of the offenses as charged to the jury (see People v Muhammad, 17 NY3d 532, 539 [2011]), the acquittal on the count of attempted robbery in the first degree did not negate any of the elements of criminal possession of a weapon in the second degree (see People v Shamsiddeen, 98 AD3d at 694; People v Ariza, 77 AD3d at 846; People v Moses, 36 AD3d 720, 721 [2007]; People v Clanton, 19 AD3d 1035 [2005]).
Contrary to the defendant’s contention, the trial court properly denied the defendant’s request for a jury charge on temporary and lawful possession, as there was no reasonable view of the evidence that the defendant had a legal excuse for possessing the gun (see People v Bell, 46 AD3d 385 [2007]; People v Caldarola, 45 AD3d 600 [2007]; People v Reid, 16 AD3d 130, 130-131 [2005]; People v Way, 304 AD2d 844 [2003]).
The Supreme Court properly denied the defendant’s request for a hearing pursuant to Frye v United States (293 F 1013 [DC Cir 1923]) to determine the admissibility of expert testimony concerning DNA testing through the polymerase chain-reaction method, as such testing has gained general acceptance in the scientific community (see People v Fontanez, 278 AD2d 933, 935 [2000]; People v Qi Zhong Lin, 267 AD2d 256, 257 [1999]; People v Hall, 266 AD2d 160, 160-161 [1999]; People v Morales, 227 AD2d 648, 649 [1996]). Rivera, J.P., Dillon, Roman and Cohen, JJ., concur.