THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER L. GOLDEN, Appellant. [47 NYS3d 67]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Holder, J.), rendered February 13, 2013, convicting him of criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (McGann, J.), after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain physical evidence and his statements to law enforcement officials.

Ordered that the judgment is reversed, on the law, and the matter is remitted to the Supreme Court, Queens County, for a new trial.

The defendant was charged with attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]), attempted assault in the first degree (Penal Law §§ 110.00, 120.10 [1]), robbery in the first degree (Penal Law § 160.15 [2]), and two counts of criminal possession of a weapon in the second degree (Penal Law § 265.03 [1], [3]) based upon allegations that he robbed a supermarket at gunpoint, during the course of which he fired his weapon. After a jury trial, the defendant was convicted of two counts of criminal possession of a weapon in the second degree, and was acquitted of the other counts. The defendant appeals.

Contrary to the defendant's contention, the Supreme Court properly denied that branch of his omnibus motion which was to suppress statements he made to law enforcement officials concerning the location of a gun, prior to having received *Miranda* warnings (*see Miranda v Arizona*, 384 US 436 [1966]), as well as the gun recovered as a result of those statements.

Under the circumstances of this case, in which the location of the weapon was unknown when the defendant was apprehended, and there was reason to believe that it may have been discarded in a location where it could have been discovered by a member of the public, the officers' questioning of the defendant was permissible under the public safety exception to the requirement of *Miranda* warnings (*see New York v Quarles*, 467 US 649 [1984]; *People v Reyes*, 62 AD3d 570 [2009]; *People v Oquendo*, 252 AD2d 312 [1999]).

The defendant's contention that the verdicts on certain counts were legally repugnant is without merit. Viewing the verdicts solely in terms of the elements as charged to the jury (*see People v DeLee*, 24 NY3d 603, 608 [2014]; *People v Muhammad*, 17 NY3d 532, 542 [2011]), the acquittals on the counts of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]), attempted assault in the first degree (Penal Law §§ 110.00, 120.10 [1]), and robbery in the first degree (Penal Law § 160.15 [2]) did not negate any of the elements of criminal possession of a weapon in the second degree under count four of the indictment (Penal Law § 265.03 [1] [b]) of which the defendant was convicted (*see People v Jackson*, 101 AD3d 1153, 1153 [2012]; *People v Shamsiddeen*, 98 AD3d 694, 694 [2012]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt on the counts of criminal possession of a weapon in the second degree was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]; *see also People v Rayam*, 94 NY2d 557, 563 [2000]).

However, the Supreme Court erred in granting the People's request for a jury charge on constructive possession, which error requires reversal of the defendant's convictions of criminal possession of a weapon in the second degree. After the gunpoint robbery of the supermarket, committed by a single perpetrator, the defendant was arrested when he was found hiding in an attic of a nearby house. Shortly thereafter, police officers recovered a gun from the attic. The People sought to prove at

trial, among other things, that the defendant was the individual who committed the robbery with the gun recovered from the attic. In the bill of particulars and throughout the trial, the People's theory on the counts of criminal possession of a weapon in the second degree was that the defendant possessed the subject gun in the supermarket. Even at the charge conference, at which the People requested a charge of constructive possession, the People maintained that the basis of those counts was the defendant's possession of the gun in the supermarket. Since there was no evidence from which the jury could conclude that the defendant constructively possessed the gun in the supermarket, that charge should not have been given (*see generally People v Kims*, 24 NY3d 422 [2014]; *People v Gaines*, 74 NY2d 358, 363 [1989]; *see also People v Hong Wu*, 81 AD3d 849, 849 [2011]). Contrary to the People's contention, the error cannot be deemed harmless. Since the jury could have applied the impermissible constructive possession charge to the People's evidence that the gun was recovered from the attic of the house where the defendant was found hiding, and thus could have convicted the defendant on that basis, rather than upon a finding that he possessed the gun in the supermarket as charged, it is impossible to determine if the verdict was based on the illegal jury charge, or on the alternative proper jury charge (*see People v Kims*, 24 NY3d at 438; *see also People v Martinez*, 83 NY2d 26, 35 [1993]). Accordingly, we reverse the judgment and order a new trial.

In light of our determination, we need not address the defendant's remaining contention. Mastro, J.P., Leventhal, Sgroi and Miller, JJ., concur.