■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALIOUNE DRIVER, Also Known as ILOUNE DRIVER, Appellant. [64 NYS3d 222]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dowling, J.), rendered December 19, 2013, convicting him of murder in the second degree, assault in the first degree (three counts), reckless endangerment in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On June 9, 2011, following a confrontation between two groups of young men on a boardwalk in Brighton Beach, shots were fired into a crowded area, striking several people and killing a 16-year-old girl. Witnesses identified a group of young men belonging to the Crips gang as having started the alterca-

tion. Witnesses also saw two members of that group each pull a gun from their waistbands and begin firing. At trial, two witnesses identified the defendant as one of the shooters. A jury convicted the defendant of murder in the second degree, assault in the first degree (three counts relating to three separate victims), reckless endangerment in the first degree, and criminal possession of a weapon in the second degree.

The defendant contends that the Supreme Court committed reversible error by depriving him of the number of peremptory challenges to which he was statutorily entitled. During the selection of the regular jurors, the defendant was afforded 20 peremptory challenges, which is the proper amount where, as here, the highest crime charged is a class A felony (*see* CPL 270.25 [2] [a]). He used only 10. After the jury was sworn, but prior to opening statements, one of the sworn jurors was discharged. When a sworn juror is discharged prior to deliberations, the Criminal Procedure Law directs the court to replace the discharged juror "by the alternate juror whose name was first drawn and called" (CPL 270.35 [1]). Here, at the urging of both parties, the court instead allowed the parties to select a juror from a new panel of prospective jurors. The court afforded each party 4 peremptory challenges in the selection of the final juror. Contrary to the defendant's contention, the court did not err in refusing to give the defendant 10 peremptory challenges. Since a jury had been selected and sworn, the replacement of the discharged juror was controlled by CPL 270.35, not CPL 270.25. Although CPL 270.35 directs the court to replace the discharged juror with the first alternate, a defendant may waive compliance with the statutory procedures (*see People v Colon*, 90 NY2d 824, 826 [1997]; *People v Kidd*, 202 AD2d 1014, 1015 [1994]), as the defendant did here.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's identity as one of the shooters. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348-349 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that he was deprived of a fair

trial by certain remarks made by the prosecutor during summation is unpreserved for appellate review (see CPL 470.05 [2]). In any event, to the extent that the prosecutor exceeded the bounds of permissible rhetorical comment, the remarks were not so egregious as to have deprived the defendant of a fair trial (see People v Gomez, 153 AD3d 724 [2017]; People v Labossiere, 148 AD3d 1183, 1185 [2017]).

The defendant's contention that the verdict was repugnant is unpreserved for appellate review, as he failed to raise the issue before the jury was discharged (see People v Carter, 7 NY3d 875, 876 [2006]; People v Alfaro, 66 NY2d 985, 987 [1985]; People v Boley, 116 AD3d 965, 966 [2014]; People v Jackson, 101 AD3d 1153 [2012]; People v Shamsiddeen, 98 AD3d 694 [2012]). In any event, the verdict, which was rendered and announced by the foreperson of the jury in the courtroom (see CPL 1.20 [12]; 310.40 [1]), was neither inconsistent nor repugnant. The verdict sheet was "neither a verdict nor a substantive communication from the jury" (People v Boatwright, 297 AD2d 603, 604 [2002]; see People v Chestnut, 83 AD3d 441, 442 [2011]; People v Santiago, 82 AD3d 1271, 1272 [2011]). Thus, the alleged inconsistency on the verdict sheet, which had no counterpart in the jury's actual verdict, furnishes no basis for reversal (see People v Allums, 193 AD2d 688 [1993]). The defendant's related contention that the Supreme Court erred in failing to ensure compliance with CPL 310.50 is also unpreserved for appellate review (see CPL 470.05 [2]) and, in any event, without merit inasmuch as the jury's verdict was in accordance with the court's instructions (see CPL 310.50 [1]).

The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]). Mastro, J.P., Leventhal, Maltese and Brathwaite Nelson, JJ., concur.