People v Santana

2026 NY Slip Op 03081

May 14, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,

v

Christopher Santana, Defendant-Appellant.

Decided and Entered: May 14, 2026

Ind No. 70894/21 1266/21|Appeal No. 6623|Case No. 2022-03516 2022-03333|

Before: Webber, J.P., GonzáLez, Pitt-Burke, Higgitt, Hagler, JJ.

Twyla Carter, The Legal Aid Society, New York (Mary-Kathryn Smith of counsel), for appellant.

Darcel D. Clark, District Attorney, Bronx (Emily Aldridge of counsel), for respondent.

[*1]

Judgment, Supreme Court, Bronx County (Steven Barrett, J. at suppression hearing; Margaret L. Clancy, J. at plea and sentencing), rendered July 7, 2022, convicting defendant, of attempted criminal possession of a weapon in the second degree and assault in the third degree, and sentencing him, as a second violent felony offender, to an aggregate term of five years, unanimously affirmed.

Defendant validly waived his right to appeal, which forecloses review of his suppression claim (see People v Thomas, 34 NY3d 545, 567 [2019], cert denied 589 US 1302 [2020]; People v Reeves, 187 AD3d 412, 413 [1st Dept 2020], lv denied 36 NY3d 975 [2020]). As an alternative holding, we find that the record supports the hearing court's conclusion that Miranda warnings were not required prior to the parole officer's initial inquiry, which occurred during a proper safety search of defendant's apartment, concerning the location of the gun he had allegedly used to menace another person (see People v Huntley, 43 NY2d 175, 181 [1977]). This initial inquiry was consistent with the core duties of a parole officer and did not involve investigatory questioning.

Subsequent questioning was likewise proper. As the motion court noted, "the obligation to recover . . . defendant's gun was justified by the exigency [of the circumstances] as there were multiple civilians in the next room and the [gun] posed a life/safety risk to everyone in the apartment at the time" (see People v Reyes, 62 AD3d 570 [1st Dept 2009], lv denied 13 NY3d 748 [2009]).

Defendant's incriminating statement at the precinct, approximately six hours later and preceded by administration of Miranda warnings, was sufficiently attenuated from any impropriety in the parole officer's question about the whereabouts of the gun in defendant's apartment (see People v Paulman, 5 NY3d 122, 130-131 [2005]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 14, 2026