■ In the Matter of Dong Chong, Appellant, v Anthony J. Annucci, as Deputy Commissioner and Counsel of the Department of Correctional Services, Respondent. [855 NYS2d 751]—

Appeal from a judgment of the Supreme Court (Ceresia, Jr., J.), entered June 14, 2007 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request to administratively recalculate his aggregate prison sentence.

After pleading guilty to attempted murder in the second degree, attempted robbery in the first degree and criminal pos-

session of a weapon in the third degree, petitioner was sentenced, respectively, to consecutive prison terms of 8 to 24 years, 5 to 15 years and 1 to 3 years. Petitioner's subsequent request for a recalculation of the aggregate maximum term from 42 years to 30 years, pursuant to Penal Law § 70.30, was denied by respondent. This CPLR article 78 proceeding ensued. Following joinder of issue, Supreme Court dismissed the petition, resulting in this appeal.

We affirm. Inasmuch as petitioner pleaded guilty to three violent felony offenses, one of which is a class B violent felony, respondent properly concluded that Penal Law former* § 70.30 (1) (c) (iii), which provides for a 50-year cap on aggregate maximum terms, is applicable and denied petitioner's request for a sentence recalculation (*see Matter of Flowers v Miller*, 284 AD2d 618, 619 [2001]). Petitioner nevertheless contends that he is entitled to a statutory recalculation because, in accepting the plea offer, he relied on the mistaken belief of the prosecutor and the sentencing court that his aggregate maximum sentence would be administratively recalculated to 30 years. However, such argument is outside the context of this proceeding and would be more appropriately presented in a CPL article 440 motion.

Cardona, P.J., Spain, Lahtinen, Malone Jr. and Kavanagh, JJ., concur. Ordered that the judgment is affirmed, without costs.

* The crimes for which petitioner was convicted were committed in 1992 and, thus, the former section of the statute is applicable to him (*see e.g. People v Ramirez*, 89 NY2d 444, 450 [1996]).