■ In the Matter of CURTIS LEWIS, Appellant, v BRIAN FISCHER, as Commissioner of Correctional Services, et al., Respondents. [930 NYS2d 684]—

Rose, J.P.

In 1995, petitioner was convicted of two counts of robbery in the first degree and sentenced to consecutive prison terms of 7 to 14 years on each count. Later that same year, petitioner was convicted of an additional charge of robbery in the first degree and sentenced to 5 to 10 years in prison, to run consecutively to the sentences imposed on petitioner's earlier convictions. The Department of Correctional Services thereafter calculated petitioner's aggregate sentence to be 19 to 38 years in prison. Respondent Commissioner of Correctional Services denied petitioner's request that his sentence be recalculated pursuant to Penal Law § 70.30, prompting this CPLR article 78 proceeding. Supreme Court found that petitioner is not entitled to recalculation of his sentence and dismissed the petition, prompting this appeal.

Although there is no material difference in the relevant provisions, we agree with Supreme Court that, because the crimes for which petitioner was convicted were committed in 1994, the former, rather than current, Penal Law § 70.30 applies (*see Matter of Dong Chong v Annucci*, 50 AD3d 1331, 1332 n [2008]). Petitioner's contention that he is entitled to a reduction of his aggregate sentence pursuant to Penal Law former § 70.30 (1) (c) (i) is without merit. That section applies "[e]xcept as provided in subparagraph (ii) or (iii)" (Penal Law former § 70.30 [1] [c] [i]; *see* L 1983, ch 199, § 1). Penal Law former § 70.30 (1) (c) (iii) provides that, notwithstanding subparagraph (i), the aggregate maximum term of consecutive sentences imposed upon the conviction of three or more violent felonies, at least one of which is a class B violent felony offense, shall, if it exceeds 50 years, be deemed to be 50 years (*see Matter of Dong Chong v Annucci*, 50

AD3d at 1332; *Matter of Flowers v Miller*, 284 AD2d 618, 619 [2001]). Here, petitioner is serving consecutive sentences for three class B violent felonies (*see* Penal Law § 70.02 [1] [a]), clearly bringing his sentence within the ambit of Penal Law former § 70.30 (1) (c) (iii) (*see* Donnino, Practice Commentary, McKinney's Cons Laws of NY, Book 39, Penal Law § 70.30, at 245). Thus, inasmuch as petitioner's maximum aggregate term is 38 years, there is no applicable reduction to be made.

Malone Jr., Kavanagh, Stein and McCarthy, JJ., concur. Ordered that the judgment is affirmed, without costs.