Appeal from a judgment of the Supreme Court (McDonough, J.), entered October 3, 2012 in Greene County, which dismissed petitioner’s application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Department of Corrections and Community Supervision computing petitioner’s prison sentence.
In 1992, petitioner was sentenced to an aggregate sentence of 121/s to 37 years in prison as the result of his conviction of two counts of sodomy in the first degree, one count of rape in the first degree, two counts of sodomy in the third degree and one count of rape in the third degree. All six sentences were indeterminate and respondent Department of Corrections and Community Supervision calculated petitioner’s maximum expiration date to be June 13, 2028. In February 2012, petitioner commenced this CPLR article 78 proceeding asserting that his aggregate maximum term must be modified downward to 30 years pursuant to Penal Law former § 70.30 (1) (c) (i).* Supreme *1410 Court dismissed the petition on the merits, prompting this appeal.
We affirm. Contrary to petitioner’s argument, he is not entitled to a reduction of his aggregate sentence pursuant to Penal Law former § 70.30 (1) (c) (i). Significantly, that section applies “[e]xcept as provided in subparagraph (ii) or (iii)” (Penal Law former § 70.30 [1] [c] [i]; see L 1983, ch 199, § 1; Matter of Lewis v Fischer, 88 AD3d 1034, 1034 [2011]). As relevant herein, Penal Law former § 70.30 (1) (c) (ii) provides that, notwithstanding subparagraph (i), “the aggregate maximum term of consecutive sentences imposed for the conviction of two violent felony offenses committed prior to the time the person was imprisoned under any of such sentences and one of which is a class B violent felony offense, shall, if it exceeds forty years, be deemed to be forty years” (see generally Penal Law § 70.30 [1] [e] [iv]). Here, petitioner was sentenced to several violent felonies including, among other things, two consecutive sentences for sodomy in the first degree, a class B violent felony, thus triggering the provisions of Penal Law former § 70.30 (1) (c) (ii). Accordingly, as petitioner’s maximum aggregate term is under 40 years, namely 37 years, there was no error in calculating petitioner’s sentences and Supreme Court properly dismissed this proceeding.
Petitioner’s remaining arguments, including those relying on cases construing the version of Penal Law former § 70.30 (1) (c) in effect prior to 1983 (see L 1983, ch 199, § 1), have been examined and found to be lacking in merit.
Peters, P.J., Rose, McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.

 Although the verified petition incorrectly references the current statute containing the relevant provisions, namely Penal Law § 70.30 (1) (e) (i), it is undisputed that, because petitioner’s offenses were committed in 1991, the statute that technically applies to his situation is Penal Law former § 70.30 (1) (c) (i) and (ii) (see L 1995, ch 3, §§ 13, 14; see also Matter of Lewis v Fischer, 88 AD3d 1034, 1034 [2011]). Nevertheless, these provisions were renumbered *1410 as Penal Law § 70.30 (1) (e) (i) and (iv) without any substantive change and the error is therefore immaterial.